## KATTER v. RODGERS et al.

No. 13547—Opinion Filed Sept. 9, 1924.

Rehearing Denied Nov. 18, 1924.

(Syllabus.)

**1. Trial—Equitable Action—Advisory Verdict.**

An action for the foreclosure of a mortgage on real estate where no money judgment is sought or is possible and where the defense is duress in connection with the execution of the instruments is an equitable action, and a jury is merely an advisory body.

**2. Appeal and Error—Sufficiency of Evidence—Equity Case.**

In an equity action the action of the trial court in rendering judgment upon conflicting evidence will be affirmed unless clearly against the weight of the evidence.

**3. Trial—Equity Case—Discharging Jury.**

In a purely equitable action, where a jury has been empanelled it is within the province of the court to discharge the jury and render such judgment as the testimony warrants.

**4. Appeal and Error—Harmless Error—Directing Verdict in Equity Case.**

In such an action, where the court directs a verdict, the error is harmless and the verdict of the jury so directed will be treated as the judgment of the court.

**5. Subrogation—Advancement of Money To Pay Off Incumbrance.**

Where money is advanced on defective security for the purpose of paying off a prior incumbrance, and where the person advancing the money expected to get good security therefor, the person advancing the money is not a volunteer, and in the absence of intervening equities he will be

held to be subrogated to the lien which the money advanced is used to pay.

Error from District Court, Seminole county; John L. Coffman, Judge.

Action by J. S. Katter against Esther Rodgers, nee Asly, and Ollie Asly to foreclose a mortgage on certain real estate, alleging the execution of a note and mortgage in the sum of $1,500. Judgment for defendant, and plaintiff appeals. Affirmed as to all matters, except the item of $236.50, and reversed as to that, and remanded with directions.

Willmott & Roberts, for plaintiff in error.

Cutlip & Horsley, for defendant in error.

WARREN, J. This is an appeal from the district court of Seminole county in an action wherein J. S. Katter brought suit to foreclose a mortgage on certain real estate, alleging the execution of a note and mortgage in the sum of $1,500. Suit was brought against heirs of maker and no personal judgment against defendants prayed. Defendants filed answer, denying execution of the note and mortgage in that the makers were so seriously ill that they were unaware of the nature of their acts, and further alleging want of consideration for its execution. An amended petition was filed, alleging the true consideration of such note and mortgage to be indebtedness for merchandise, $380.50; amount paid one K. Hammett at mortgagor's request, $329.88; amount paid to take up first mortgage, $236.50; insurance paid and other small items aggregating $84.78; making a total of $1,031.46, for which judgment was asked, together with $100 attorney's fee. The amended petition prayed "judgment," but did not say against whom. The maker of the note being dead, no personal judgment could have been rendered.

A jury was empanelled and testimony on behalf of both parties submitted. The testimony consisted of two or more witnesses for each side and was sharply conflicting as to the knowledge of alleged makers of the instruments as to their nature and as to the facts surrounding their execution. There was conflict as to the items constituting the consideration, except that of $236.50, which was represented by the payment in discharge of a first mortgage. There was no controversy as to this mortgage or its amount, but only as to the facts of the alleged agreement by virtue of which it was paid off by the plaintiff.

The plaintiff in error contends these were matters which should have been submitted to a jury, while the defendants in error contend that the facts proven were so conclusive that the court, in the exercise of a sound discretion, would have been compelled to set aside a verdict for the plaintiff. We cannot agree with the contentions of either party. In the first place, this was purely an equitable action, and not an action at law. No money judgment was prayed for in the original petition and no personal money judgment was possible against either of the defendants. Neither of them signed the note, and it is not alleged that either of them bought the merchandise in question or authorized the payment of the first mortgage. There is no testimony in the action that would justify a money judgment against either of them. The issues are purely equitable.

A foreclosure suit where no money judgment is demanded and where the only issue is duress in the execution of a mortgage is purely an equity action and neither party is entitled to a jury. Hogan v. Leeper, 37 Okla. 655, 133 Pac. 190; Matthews v. Sniggs, 75 Okla. 108, 182 Pac. 703; Crump v. Lanham. 67 Okla. 33, 168 Pac. 43; Echols v. Ruburgh, 61 Okla. 67, 161 Pac. 1065. This being an equitable action, the verdict of the jury, if had, could only be advisory, and the court could have submitted the issues to the jury, and after verdict wholly disregarded such verdict and made independent findings. Hogan v. Leeper, 37 Okla. 655, 133 Pac. 19; Apache State Bank v. Daniels, 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901; Murray v. Snowder, 25 Okla. 421, 106 Pac. 645; Mosier v. Walter, 17 Okla. 305, 87 Pac. 877; Barnes v. Lynch, 9 Okla. 156, 59 Pac. 995; Richardson D. G. Co. v. Hockaday, 12 Okla. 546, 73 Pac. 957.

All the testimony was submitted and the court was of the opinion that the plaintiff should not recover. It was so decided. The trial judge should have properly discharged the jury and rendered judgment. The same result was reached by the instructed verdict. This proceeding was error, but it was harmless.

The only other question that remains for consideration is whether or not the judgment for the defendants by the court was justified under the testimony as produced.

The testimony was sharply conflicting as to whether or not the makers of the instruments were in a condition to know what they were doing when the instruments were executed. The judgment of the court was, in effect, that they did not know, and the instruments were therefore invalid. All the items of consideration for the instruments fall with them unless relief can be had by

virtue of some other right. There is no other right except for the item of $236.50. which was expended, to take up a first mortgage on the property. There is a prayer for general relief, and in an equity action under such prayer any relief to which party may be shown to be entitled may be given.

The finding of the court against the plaintiff is not necessarily a finding against the good faith of the plaintiff. The parties to the transaction were Syrian merchants, the plaintiff, a wholesaler, and the alleged mortgagor, a retailer or peddler. There is not enough testimony to show that the wholesaler, who came for the purpose of securing his advancements of merchandise, knew of the extreme condition of his debtor. He was not a physician, was not skilled in knowledge of what degree of fever would render the sick man unable to comprehend the nature of his act. We cannot say his actions in attempting to secure his debt are inconsistent with good faith. This being the case, equity will grant him such relief as the testimony will justify. There is absolutely no dispute as to the validity of the item of $236.50, or that it was paid to take up a valid and subsisting first mortgage on the premises. This item was paid after the transaction involved in the litigation, and was evidently paid in the honest belief that it was his duty to pay it under the terms of the mortgage agreement he believed to be good. The mere fact the security given for the loan which is used to pay off an incumbrance turns out to be void, although the person taking it expected to get good security, will not defeat subrogation. The person taking up such lien is not a volunteer and will be subrogated to the rights of the holder of the lien which the money advanced is used to pay, where there are no intervening equities. R. C. L. vol. 25, pp. 1343 and 1344.

The learned trial judge evidently did not consider this phase, as he was considering this as a law case for the recovery of a money judgment. This relief would, no doubt, have been given had his attention been directed to the law as herein outlined.

The judgment of the trial court in directing a verdict will, therefore, be treated as a judgment by the court and will be affirmed as to all matters except the item of $236.-50, and will be reversed as to that and remanded. with directions to find, that the plaintiff is entitled to be subrogated to the rights of the first lienholder and to order foreclosure of that lien.

JOHNSON, C. J., and BRANSON, HARRISON. and LYDICK. JJ.. concur.