Note.—See under (1) 19 C. J. p. 22 § 23; p. 24, § 30; p. 193 §§ 478, 479; p. 195 §§ 480, 482. (2) 19 C. J. p. 124 § 327; anno. 12 L. R. A. (N. S.) 1100; 28 L. R. A. (N. S.) 992; L. R. A. 1915D. 852; 9 R. C. L. p. 402: 2 R. C. L. Supp. 795. (3) 19 C. J. p. 414 § 33; 9 R. C. L. p. 544; 2 R. C. L. Supp. p. 830. (4) 19 C. J. p. 405 § 13; p. 430 § 62; p 441 § 77; 9 R. C. L. p. 557; 2 R. C. L. Supp. p. 835.

---

## CRAWFORD v. HEMMINGWAY.

No. 15890—Opinion Filed Feb. 23, 1926.

**1. Trial—Withdrawal of Case from Jury Where Only Equitable Issues Remain.**

In the trial of a case to recover upon a promissory note and to foreclose a mortgage securing same, and in which case other defendants are joined merely for the purpose of barring and foreclosing any rights which they may claim or assert in the premises adverse to the mortgagee, and the maker of the note and mortgage makes default, the issues remaining to be tried between plaintiff and an answering defendant who pleads fraud in the taking of the mortgage, notice to plaintiff of answering defendant's rights in the premises, and by cross-petition asks for cancellation of plaintiff's mortgage, are of purely equitable cognizance, and it is not error for the trial court to withdraw the case from the consideration of the jury at the close of all the evidence.

**2. Appeal and Error — Review of Equity Case—Sufficiency of Evidence.**

In such a case, where the court, after withdrawing the case from the jury, makes findings of fact which are supported by the evidence, and thereupon enters a decree which is in conformity to such findings and not clearly against the weight of the evidence, such decree of the trial court will be affirmed.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; O. L. Price, Judge.

Action by I. E. Hemmingway against Thomas Stanford, Myrtle Stanford, Louis Crawford, J. D. Craig, Belva Craig, and Jesse L. Crawford, to foreclose a mortgage on real estate. Judgment for plaintiff, and defendant Louis Crawford brings error. Affirmed.

On January 12, 1924, I. E. Hemmingway commenced this action in the district court of Oklahoma county against Thomas Stanford and Myrtle Stanford to recover upon a certain promissory note for the sum of $825, and to foreclose a mortgage on certain real estate given to secure said indebtedness. There was a second count in the petition on another note and mortgage, but as this count was dismissed, it is not material to be stated here. In his petition plaintiff further alleged that Louis Crawford, J. D. Craig, Belva Craig, and Jesse L. Crawford claimed some right, title, or interest in the premises covered by plaintiff's mortgage, but that whatever right, title or interest, if any, said last-named defendants had, was junior and inferior to the rights of plaintiff under his said mortgage, and prayed for foreclosure. J. D. Craig and Belva Craig filed disclaimers in the action. Thomas Stanford, Myrtle Stanford and Jesse L. Crawford filed no pleadings in the case and made no appearance, and judgment was thereupon rendered against them by default. Defendant Louis Crawford filed his amended answer, consisting of a general denial and the affirmative defense that at the time of the execution of the mortgage in question the defendants Thomas Stanford and Myrtle Stanford, nor either of them, had any legal or equitable title in the premises covered by said mortgage, but that title to said premises was then vested in this answering defendant; that plaintiff knew at the time of the execution of said mortgage of the defect in title of Thomas Stanford and Myrtle Stanford, and of the legal and equitable rights of this answering defendant. By way of cross-petition Louis Crawford further alleged that plaintiff holds two other mortgages on the same premises, and that all of said mortgages constitute clouds upon the title of this answering defendant, and asks for cancellation of the same. Plaintiff replied to the answer and cross-petition of Louis Crawford by a general denial.

The cause was called for trial April 3, 1924, and a jury impaneled to hear the same. After the disclaimer of J. D. Craig and Belva Craig had been noted, and after judgment by default had been entered against

Thomas Stanford, Myrtle Stanford, and Jesse L. Crawford, the case proceeded to trial upon the issues raised, between the plaintiff and Louis W. Crawford upon the petition, answer, and cross-petition. At the conclusion of all the evidence, and on the motion of plaintiff, the court withdrew the case from the consideration of the jury and made findings of fact and stated conclusions of law, upon which a decree of foreclosure in favor of the plaintiff was based and entered. After unsuccessful motion for new trial the defendant Louis Crawford has brought the case here by petition in error with case-made attached for review.

Warren K. Snyder, for plaintiff in error.

Porter H. Morgan, for defendant in error.

Opinion by LOGSDON, C. There are several assignments of error in the petition in error, but in the presentation and argument of the case in defendant's brief only one proposition is stated and argued, which is that the trial court committed reversible error in withdrawing the case from the consideration of the jury and in entering a decree in favor of the plaintiff and against the defendant.

The first contention made under this proposition is that the case was properly triable to the jury, and that the court erred in sustaining the motion of the plaintiff to withdraw the case from the jury. Under the issues made between plaintiff and defendant it is considered that the case was one of purely equitable cognizance. Plaintiff sought no money judgment against the defendant Crawford. By his answer defendant substantially alleged that the mortgage sued upon was taken by plaintiff in fraud of the rights of the defendant and with full knowledge thereof, and that the same constituted a cloud upon the title of defendant in and to the premises, which he was entitled to have removed by cancellation of the mortgage. These issues are all properly determinable under the rules of equity, and the decisions of this court are uniform in holding that actions of this character, involving only equitable issues, are not triable to a jury, and that if a jury is impaneled to try the same, its verdict can only be advisory to the court, which must itself determine the facts and the legal principles applicable thereto. Maas v. Dunmeyer, 21 Okla. 434, 96 Pac. 591; Hartsog v. Berry, 45 Okla. 277, 145 Pac. 328; Echols v. Reeburgh, 61 Okla. 67, 161 Pac. 1065: Moore v. Stanton, 77 Okla. 41, 186 Pac. 466; Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703; Katter v. Rodgers, 107 Okla. 116, 230 Pac. 500.

Defendant's second contention under this

proposition is that the findings of fact made by the trial court are not supported by the evidence, and that the decree of the court is clearly against the weight of the evidence. This contention requires a brief abstract of the evidence disclosed in the record.

It appears that in 1922 Louis Crawford owned the premises in controversy, and in November of that year entered into a trade with Thomas Stanford, whereby he was to convey this property to Stanford in exchange for a relinquishment of filing on certain government land located near Oklahoma City, and which would enable defendant to file on and acquire said government land. In the deal it was agreed between the parties that, in addition to his relinquishment, Stanford should also pay to the plaintiff the sum of $325 in money. On November 20, 1922, defendant executed his warranty deed to Stanford covering the property in controversy, and on November 21, 1922, took back from Stanford and his wife a mortgage on the same premises to secure a note for the sum of $325. This deed was placed in the hands of a firm of lawyers in Oklahoma City to be kept until defendant should perfect his filing on the government land, but after visiting the land office at Guthrie, defendant permitted Stanford to withdraw said deed from the hands of said lawyers, and went with Stanford to an abstract office, where the deed was turned over to the abstracter for the purpose of preparing or extending an abstract covering the title to said land. Thereafter, on December 5, 1922, defendant placed his mortgage from Stanford of record. On the same day that Stanford executed the mortgage to defendant, he also executed a mortgage to plaintiff on the same premises to secure a note of $400, this mortgage to plaintiff expressly reciting the prior mortgage to defendant. Thereafter plaintiff paid to defendant the sum of $325 in satisfaction of the mortgage from Stanford to defendant, and defendant, on December 14, 1922, executed his release of said mortgage, which was placed of record December 18, 1922. On December 16, 1922, Stanford, joined by his wife, gave to plaintiff a mortgage for $825, and plaintiff executed a release of the $400 mortgage previously taken. This new mortgage to plaintiff covered the lands in controversy, and it, together with the release of the $400 mortgage, was recorded December 18, 1922. On January 24, 1923, defendant commenced an action in the district court to cancel his deed to Stanford of November 20, 1922, and recovered judgment in the action August 3, 1923. All of these facts appear from a stipulation

entered into by the parties and appearing as a part of the record in the trial of this case.

From these facts it is very evident that on December 5, 1922, when defendant placed his mortgage of record, he considered that title to the property had passed under his deed to Stanford, and on December 14, 1922, when he accepted from plaintiff the amount of money represented by the note and mortgage from Stanford to him, and executed his release of the mortgage securing same, he ratified and confirmed the conveyance to and title of Stanford evidenced by the deed of November 20, 1922. In the mortgage executed by Stanford to plaintiff on November 21, 1922, the mortgage of defendant covering the same property was expressly shown and excepted in the face of plaintiff's mortgage. Upon the trial of the case defendant testified at great length in reference to conversations which he claimed to have had with both Stanford and Hemmingway, sometimes separately and sometimes when the three were together, but none of these conversations to which defendant testified occurred prior to the execution of defendant's deed to Stanford and Stanford's mortgage back to defendant, so that they cannot be considered as imparting any notice to the plaintiff of any defect in the title of Stanford to the property at the date of plaintiff's first mortgage. After plaintiff's first mortgage was taken, defendant, on December 14th, accepted from plaintiff the amount of money due defendant from Stanford and executed a release of Stanford's mortgage. If any of the conversations testified to by defendant as having occurred between the date of the execution of the deed to Stanford and the execution of the $825 mortgage by Stanford to plaintiff could be considered as sufficient to give notice to plaintiff of any infirmity in the title of Stanford to the premises, so as to constitute the taking of his mortgage fraudulent as to the defendant, such testimony entirely loses its force and its effect, as notice was entirely extinguished by defendant's acceptance of the money from plaintiff and the execution of his release of mortgage on December 14, 1922. Since the evidence of fraud on the part of plaintiff and Stanford to the injury of defendant is very unsatisfactory and inconclusive, not justifying an equitable inference of fraud, and since the evidence relied upon to impart notice to the plaintiff of the infirmity of Stanford's title consisted of conversations occurring subsequent to the execution of the first mortgage to plaintiff, it is very clear that the finding of the trial court that no fraud was established is not contrary to the evidence. The action of defendant in collecting from plaintiff the money due as the balance of the purchase price on the premises, and the execution by defendant of the release of his mortgage securing that indebtedness, were a sufficient ratification of the entire transaction between defendant and Stanford to make the taking by plaintiff of the $825 mortgage thereafter executed by Stanford a bona fide and legitimate transaction in so far as the rights of defendants are concerned. At the date of this mortgage the record title to the property was in Stanford, and the only claim against it which could have been adverse to plaintiff's mortgage had been released by defendant.

It is therefore concluded, upon the whole case, that all of the issues raised and presented upon the trial between plaintiff and defendant were equitable issues, properly determinable by the court, and that the court did not commit reversible error in withdrawing the case from the consideration of the jury. The findings of fact thereupon made by the trial court being supported by the evidence, and the decree based thereon not being against the clear weight of the evidence, the decree of the trial court should be and is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 9 C. J. p. 1159 § 4; 38 Cyc. p. 1536 (Anno); 16 R. C. L. p. 213. (2) 4 C. J, pp. 898 § 2869; 900 § 2870; 2 R. C. L. p. 202; 2 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81,