## HOOKS et al. v. BERRY-HART CO.

No. 19155. Opinion Filed Dec. 4, 1928.

Rehearing Denied Feb. 19, 1929.

Charles L. Harris, for plaintiffs in error.

Carter Smith, for defendant in error.

MASON, V. C. J. The defendant in error, Berry-Hart Company, was plaintiff, and plaintiffs in error, Charles Hooks and Mrs. Charles Hooks, were defendants in the trial court, and will be so referred to herein.

The plaintiff company, on the 30th day of June. 1923, entered into a contract with defendant Charles Hooks for the sale of a house and lot in the city of Tulsa for a

total consideration of $2,500, of which $35 was paid at the time and $25 was to be paid on the 30th day of each month thereafter until said amount was paid. The said contract provides, in part, as follows:

"It is especially agreed that time is of the essence of this contract, and that if said second party should fail or refuse to pay the installments herein provided for at the time and place when and where the same become due and are payable, or should fail or refuse to pay the interest thereon as herein provided, or should fail to pay the taxes or special assessments when the same are due and payable, the said first party may at its option and election declare the entire balance due and payable and recover the same from the second party, if necessary, but suit at law."

Defendants entered into immediate possession of said property. All payments due were made as required until May 30, 1926. Thereafter, on September 29, 1927, the plaintiff commenced this action against the defendants, alleging such default in said payments and failure to pay the taxes assessed against said property. Plaintiff did not seek a personal judgment against said defendants, but prayed that "the court ascertain the amount due the plaintiff, and that whatever amount found by the court to be due said plaintiff be adjudged a first and prior lien against said property, with the costs of this action, and a reasonable attorney fee of $150, * * * and that said property be sold to satisfy the amount found by the court to be due these plaintiffs, and for such other and special relief as may be deemed proper."

The defendants admitted the execution of said contract, but alleged and stated that they were induced to sign said contract and to be bound by the obligation thereof by reason of the false representations of the plaintiff, in that said plaintiff corporation held out to the defendants that it was the owner of said premises, free and clear of all incumbrances, and that this was false, in that the property described in said contract was covered with mortgages, and that said mortgages were being foreclosed, and they set up the numbers and styles of the cases wherein said mortgages were being foreclosed in the district court of Tulsa county. Defendants further allege that, in September, 1926, or after they had been in default four months, they tendered the amount due on the contract to the plaintiff and that the plaintiff informed them that said property was in litigation and that the plaintiff could not deliver a good and merchantable title to the defendants. Defendants also included a cross-petition with their answer consisting of the following paragraph:

"Defendants allege and state that by reason of the misrepresentation and fraud practiced on these defendants by the plaintiff corporation, they have been damaged in the sum of $1,500; that said defendants are entitled to have a judgment against plaintiff corporation for breach of the contract aforesaid in the sum of $1,500, and to have said judgment a first and prior lien on the above described property."

The plaintiff filed a reply to the answer and cross-petition of the defendants denying that the defendants ever tendered or offered to pay the plaintiff the full amount of plaintiff's claim, and further stated that, although there may have been foreclosure suits pending against said property at the time alleged in the answer of the defendants, the same were unjust, and that since the institution of said foreclosure suits against the plaintiff company the same had been dismissed with prejudice by the parties bringing the same.

The cause came on for trial on January 20, 1928, upon the issues thus formed, whereupon the defendants demanded a jury, which was denied.

Counsel for both parties made opening statements, after which the court interrogated counsel for defendants relative to their cross-petition, whereupon counsel announced, "We were damaged in this: they had us tied up and had our money and we could not buy any other property."

The court held that said answer and cross-petition only pleaded a conclusion and that no defense was stated to the plaintiff's cause of action. Thereupon, counsel for plaintiff moved for a judgment on the pleadings and the opening statement of counsel, which was sustained by the court and judgment rendered for the plaintiff fixing the amount due from the defendants to the plaintiff, under the terms of said contract, which was declared a. lien on said property, and said lien was ordered foreclosed. The judgment also provided that in no event should execution issue against said defendants for any amount unpaid after sale of the property. The defendants have perfected their appeal from said judgment.

For reversal, it is first urged that the trial court erred in refusing the request of the defendants for a jury trial. This is based on the fact that the allegation in plaintiff's petition that "plaintiff stood ready, able.

and willing to comply at all times with all the terms and conditions of said contract" was controverted by defendants' answer. This is not the test. It is not every "issue of fact" joined by the pleadings that will preclude affirmative action by the court upon a motion for judgment on the pleadings. It must be an issue of fact joined upon material allegations essential to the maintenance of the claim or defense. Coker v. Watson, 123 Okla. 199, 252 Pac. 829. The allegations referred to were not material. The plaintiff company was not seeking a personal judgment, but only a foreclosure of its lien against said property. The rule is well settled that suits to foreclose a real estate mortgage lien may be maintained without seeking personal judgment for the mortgage indebtedness. Echols v. Reeburgh, 62 Okla. 67, 161 Pac. 1065; Tracy v. Crepin, 40 Okla. 297, 138 Pac. 142; Brocker v. Stallard, 34 Okla. 612, 126 Pac. 781; McClung v. Cullison, 15 Okla. 402, 82 Pac. 499; First National Bank of Tulsa v. Colonial Trust Co., 66 Okla. 106, 167 Pac. 985. In the latter case, certain lien claimants sought personal judgments and decrees of foreclosure of their liens against certain real estate and personal property. Upon a demand for a jury trial, the attorneys for said lien claimants dismissed their petition in open court, in so far as they claimed any personal judgment against the defendant, and stood upon their pleadings for foreclosure of said liens. Thereupon, the trial court denied the defendant a trial by jury and this action was affirmed on appeal.

From the foregoing, we reach the conclusion that the defendants, in the instant case, were not entitled to a jury trial.

It is next urged that the trial court erred in rendering judgment on the pleadings and opening statement of counsel. The pleadings disclose that the defendants were at all times in possession of said property, but upon discovery that the property was mortgaged, they did not seek a rescission, nor did they offer to restore the property to the plaintiff. The defendants, by their answer, attempted to defend on the ground of failure of title, but before such defense would be available, they must offer to reconvey the land to the plaintiff. Herron v. Harbour, 57 Okla. 71, 155 Pac. 506; Carson v. Walker, 57 Okla. 182, 156 Pac. 1172.

In the case of Herron v. Harbour, supra, this court reviews the decisions of this court upon this question, and holds that an offer to reconvey is one of the prime essentials in pleading an answer to a suit upon notes given in payment for land, where the defense is based upon the failure of title, and that a failure to plead an offer to reconvey in such answer is fatal, even upon an objection to the introduction of evidence thereunder.

In Howe v. Martin, 23 Okla. 561, 102 Pac. 128, the third paragraph of the syllabus is as follows:

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such a case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for plaintiff to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations."

The defendants in the instant case did not bring themselves within the foregoing rule, and, therefore, their answer failed to state a defense.

We are not unmindful of the rule that judgment on the pleadings is not favored by the courts for the reason that it tends to prevent trials on the merits. However, it is authorized by section 682, C. O. S. 1921, and where the only issues of fact joined by the pleadings are immaterial as a matter of law, judgment on the pleadings is proper for the reason that it is only when the pleadings present issues of material fact that the parties are entitled to a jury trial. The pleadings herein do not present issues of material fact, and the defendants having failed to restore or offer to restore said property to the plaintiff. we must conclude that the trial court properly sustained plaintiff's motion for judgment on the pleadings.

The judgment is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See "Juries," 35 C. J. §35, p. 164, n. 86.