### JONES et al. v. BENSON.

No. 20953. Opinion Filed June 7, 1932.

J. S. Estes and C. W. Clift, for plaintiffs in error.

Robert W. Maupin, for defendant in error.

HEFNER, J. This is an action brought in the district court of Oklahoma county by Walter Benson against Anna Jones and Barnes Jones to recover the sum of $500 on a promissory note, and to foreclose a real estate mortgage given to secure the same.

The defense was that the note was executed through fraud and was without consideration. In their answer, it is alleged that defendant Barnes Jones was in jail at the time of the execution of the instruments, charged with a criminal offense; that plaintiff was engaged to defend him; and that they paid plaintiff a cash fee for his services. They further allege that they were illiterate and that plaintiff represented to them that the instrument signed by them was a bond to release Barnes Jones from jail. Defendants demanded a jury trial, which was by the court denied. Judgment was rendered in favor of plaintiff.

Defendants have appealed and assign as error the ruling of the court denying them a jury trial. In our opinion, under the allegations of their answer, defendants were entitled to a jury trial.

It was necessary that plaintiff recover on the note before judgment could be rendered foreclosing the mortgage. If there were no consideration for the note and the same was executed through fraud as alleged by defendants. this would constitute a complete defense to the notes. They were therefore entitled to a trial by jury.

In the case of Prudential' Ins. Co. v. Ward, 135 Okla. 117, 274 P. 648, the following rule is announced:

"In an action to recover judgment on a promissory note executed by defendants, and foreclosure of mortgage lien, made to secure its payment, where issue is joined as to the indebtedness due. the case is one properly triable before a jury, as provided in section 532, C. O S. 1921."

To the same effect are the cases of Holmes v. Halstid, 76 Okla. 31, 183 P. 969; Collins v. Industrial Sav. Society, 78 Okla. 319, 190 P. 670.

Plaintiff seeks to escape the rule announced in these cases on the theory that when the care was called for trial, by permission of the court, he amended his claim by eliminating that part of his prayer asking for a personal or deficiency judgment against defendants. In support of this contention, he relies on the cases of Hogan v. Leeper. 37 Okla. 655. 133 P. 190; Crawford v. Hemmingway, 116 Okla. 192. 244 P. 198; Katter v. Rogers, 107 Okla. 116, 230 P. 500. The first two of these cases were actions to cancel instruments on account of fraud and were purely equitable actions, and no money judgments were sought against defendants. In the other case, no personal judgment was sought, nor could have been rendered against the parties demanding the jury trial. and the court held that, under such circumstances, the right did not exist. As we view it, these authorities are not applicable to the facts in the case at bar.

In the instant case, no judgment could have been rendered foreclosing the mortgaged without first rendering a judgment against defendants on the note. Not only was it possible. in the case at bar, for a money judgment to be rendered against defendants. but such judgment was in fact rendered. In other words, the validity of the note was made an issue by the parties who had executed it; they denied liability under it. No foreclosure of the mortgage could be had until after the validity of the note had been determined. Whether the defendants owed anything on the note was a question for the determination of a jury. The defense was that defendants did not owe anything on the note sued upon. They

had a right to have that issue determined by a jury and the court erred in denying them that right. We think the correct rule is stated in the Prudential Ins. Co. Case, supra.

Other errors are assigned, but the conclusion reached renders it unnecessary to consider them.

The judgment is reversed and the cause remanded for a new trial.

RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.