## SUTTON et al. v. BEIDLEMAN.

No. 25924.  Jan. 28, 1936.

P. A. M. Hoodenpyl, for plaintiffs in error.

Lafayette Walker, for defendant in error.

CORN, J. The plaintiffs in error will hereinafter be referred to as defendants, and the defendant in error as plaintiff.

The plaintiff, Geo. C. Beidleman, brought this action in the lower court against the defendants, J. Monroe Sutton and Lula Sutton, to recover on a certain promissory note in the sum of $1,000 and to foreclose a mortgage upon certain real estate situated in Okmulgee county, securing the payment of said note.

The material allegations of plaintiff's petition are that on the 29th day of June, 1927, the defendants, J. Monroe Sutton and Lula Sutton, for a good and valuable considera-tion, made, executed, and delivered to plaintiff their certain promissory note whereby they promised to pay to plaintiff or order, on June 29, 1932, the sum of $1,000, with interest thereon at the rate of 8 per cent. per annum payable semiannually until paid, and also promised and agreed to pay, if default should be made in the payment of the interest and principal, interest at the rate of 10 per cent. per annum after said default until paid, whereby they became liable and bound to pay said plaintiff said sum therein specified.

That at the same time and place, and as a part of the same transaction, and for the purpose of securing the payment of said promissory note and the interest to become due thereon, the said defendants made, exe-cuted, and delivered to plaintiff their certain mortgage in writing thereby granting, sell-ing, and conveying to said plaintiff certain real estate owned by said defendants, and which real estate is specifically described in said plaintiff's petition.

That the conditions of said note and mort-gage as to payment of principal, interest and taxes have been broken, and the plain-tiff prays judgment against the defendants for the principal sum of $1,000 mentioned and set out in said note and mortgage, and for $80 interest from June 29, 1929, to June 29, 1930, making a total of $1,080, and for interest thereon at 10 per cent. from June 29, 1930, until paid, and interest at 10 per cent. on each of the annual interest pay-ments alleged to have fallen due on June 29, 1931, and June 29, 1932, and for the fur-ther sum of $292.67, alleged to have been paid for taxes on said premises, with in-terest thereon at the rate of 8 per cent. from February 26, 1931, until paid, amounting in all to $1,728.64, and for the further sum of $100 attorney's fees, and for further judg-ment foreclosing the mortgage lien on said real estate.

The defendants by a verified answer, ad-mit the execution of the note for $1,000 to plaintiff and the mortgage securing the pay-ment of said note, covering the land de-scribed in plaintiff's petition, but deny that the terms of said mortgage have been brok-en, and deny that the plaintiff is entitled by reason of the default in the payment of said note to foreclose said mortgage or main-tain said action.

The defendants specifically deny that they are indebted to plaintiff in the sum of $240 interest on said note, and deny that they

are indebted to plaintiff in the sum of $292.-67 for taxes.

The record discloses the following facts:

On the 25th day of January, 1934, the defendants, by a motion filed in said action, demanded a trial by jury of the issues joined in said cause and asked that the setting of said cause on the equity docket be stricken and said cause be placed on the jury docket for the next jury term of said court.

On the 29th day of January, 1934, said matter came on for hearing on the motion, and the request of the defendants was granted and the cause ordered set as the first case on the next civil jury docket.

On the 26th day of March, 1934, the plaintiff filed in said cause a waiver of personal judgment against said defendants, and on the 27th day of March, 1934, the court, without notice to defendants and upon request of plaintiff, vacated the order of January 29, 1934, assigning said cause for trial by jury, and reset said cause on the equity docket of the court for trial by the court on the 9th day of April, 1934.

On the 7th day of April, 1934 the defendants filed in said action a written demand for a jury trial of the issues joined in said cause and again asked that the assignment of said cause be stricken from the equity docket for trial on the 9th day of April, 1934.

On the 9th day of April, 1934, the matter came on for hearing before the court, and said demand for a jury trial was overruled. Whereupon, counsel for the defendants announced that said defendants were standing on their right for a trial by jury and took no further part in the trial of the cause, and were not present in court during said trial.

The court thereupon, on evidence offered by the plaintiff, rendered its decree of foreclosure in said cause, and which decree of foreclosure recites that the defendants, by their counsel, object to proceeding to trial without a jury, and that the court overruled said defendants' objection.

The case is before this court upon petition in error and transcript of the record.

The assignments of error are as follows:

(1) That the court erred to the prejudice of the substantial rights of the plaintiffs in error in vacating and setting aside the order of court assigning said cause for trial on the first day of the regular civil jury term.

(2) That the court erred to the prejudice of the substantial rights of said plaintiffs in error in overruling the written demand of plaintiffs in error for a jury trial.

(3) That the court erred to the prejudice of the substantial rights of said plaintiffs in error in denying the said plaintiffs in error the right of trial by jury.

(4) That the judgment and decree, orders, and rulings of the court are contrary to law.

In presenting the foregoing assignments of error, we will not discuss them separately, since they all relate to the one proposition that the trial court erred in denying the defendants a jury trial. Therefore, in presenting said assignments, and for brevity, we will group them under one proposition, viz., Were defendants entitled to a trial by jury as a matter of right, and did the trial court err in denying said defendants the right of trial by jury?

The plaintiff asserts that the defendants were not entitled to a trial by jury in this case for the reason that he had filed in said cause long prior to the day of trial a waiver of a personal judgment and asked only for foreclosure of his mortgage, and that this made the case an equitable action.

We are unable to find any authority holding that the filing of a waiver of a personal judgment in an action for the recovery of money, where issues are joined on the amount due, makes the case an equitable action, and the plaintiff does not cite any case so holding.

The case of Vose v. United States Cities Corp., 152 Okla. 295, 7 P. (2d) 132, cited by the plaintiff in support of his contention that the filing of the waiver referred to makes the case an equitable action, is not applicable and can be distinguished from the case at bar in that no issues were joined in that case on the amount due, as in this case.

In that case, the execution of the notes and mortgage sued on was admitted, and there were no issues raised by the pleadings as to amount due.

The plaintiff cannot deprive the defendants of the right of a trial by jury in this case by simply filing a waiver of a personal judgment. The action still remains one for the

recovery of money with issue joined on the amount due.

The amount due on the note and mortgage sued on, notwithstanding the waiver referred to, is still in controversy, and the defendants are entitled to have that issue tried by a jury as a matter of right.

"In an action for the recovery of money on promissory notes, although involving the foreclosure of a mortgage on real estate, issue being joined as to the amount due, defendant is entitled to a trial by jury as a matter of right." Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 190 P. 866, and cases cited therein.

In the case of Collins v. Industrial Savings Society, 78 Okla. 319, 190 P. 670, quoting from the opinion, this court said:

"And it may be observed that we are not, concerned here with cases where the pleadings admit or the evidence establishes the right to recover the amount claimed to be due, and nothing is left in controversy but the right to foreclose the mortgage and to subject the property mortgaged to the payment of the amount admitted to be due; and likewise we may suggest that the answer or cross-petition did not present equitable issues for determination.

"Plaintiffs in error having demanded a jury and properly saved their exceptions to the action of the trial court in excusing and discharging the jury, and having the right, under the authorities cited, to have the issues properly submitted to the jury, this court is of the opinion that the trial court committed reversible error, and the cause is therefore reversed and remanded for a new trial."

In the case of Childs v. Cook, 68 Okla. 240, 174 P. 274, this court held, quoting from the opinion, as follows:

"When the pleadings disclose that an issue of fact has arisen in any civil action for the recovery of money or of specific real or personal property, such issue must be tried by a jury, unless a jury trial is waived or a reference ordered as provided by other provisions of the Code."

Quoting further from the opinion, Mr. Justice Rainey, speaking for the court, said:

"There seems to be some confusion in our decisions as to what issues must be tried by a jury, unless a jury trial is waived, due to the efforts frequently made to distinguish between what were formerly denominated law actions and suits in equity, respectively. Under our Code (section 4650, Revised Laws of 1910), the distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore exist- ing, have been abolished, and in their place there has been substituted but one form of action, called a civil action. The right to a jury trial is governed solely by, section 4993, supra, and the distinction heretofore existing between law actions and suits in equity is immaterial in the determination of this right."

The plaintiff filed a motion to dismiss the appeal, for the reason the record presents no error for the determination of this court, claiming that the denial of a trial by jury after demand was made therefor is error occurring at the trial, and it was necessary to present such error either by case-made or bill of exceptions, incorporated in the transcript.

The plaintiff cited several cases under the above statement made in his brief, but none of the cases cited hold that the denial of a trial by jury is error occurring at the trial. The cases cited all deal with the question of rulings of the trial court during the progress of the trial, holding that errors of law occurring at the trial or during the progress of the trial cannot be reviewed by this court in the absence of a motion for new trial properly embracing the errors complained of and passed on by the trial court, but do not hold that the denial of a trial by jury is an error of law occurring at the trial.

We have been unable to find any case in this state, or a case from any other state with similar statutory provisions, holding that the denial of a trial by jury is an error occurring at the trial and cannot be reviewed by the Supreme Court in the absence of a motion for a new trial.

The right to a trial by jury is a question to be determined solely from the pleadings in the case, the petition, answer and reply, and being a question arising from the pleadings, and a question of law, the ruling of the court thereon and exceptions saved to an order denying the right of trial by jury, when the pleadings disclose that an issue of fact has arisen for the recovery of money, may be reviewed on appeal to this court by a transcript of the record, since the error presented for review is one appearing on the face of the record.

The defendants, under section 373, O. S. 1931 (section 555, C. O. S. 1921), could have made demand in open court for a jury trial, after the setting of said cause, or at any other time before trial, without filing a motion or written demand therefor, by an oral demand made in open court entered on the journal.

In the case of Okmulgee Producing & Refining Co. v. Wolf, 88 Okla. 188, 212 P. 415, this court said:

"On April 5th, the case was called for trial and the defendant again demanded a jury. This motion was by the court overruled."

"Section 532, C. O. S. 1921, provides:

"'Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided.'

"Section 555, C. O. S. 1921, provides three methods by which a jury may be waived as follows:

"'By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney.

"'By written consent, in person or by attorney, filed with the clerk.

"'By oral consent, in open court, entered on the journal. * * *'

"The only journal entry made in connection with this matter was that made on the 27th day of March, at which time defendant was demanding a trial by jury, and that made on the date of the trial, which shows that the defendant was still demanding a trial by jury."

The journal entry of judgment in the case at bar shows on its face that the defendants did not waive a trial by jury, but demanded one, and that such demand was overruled.

The question involved in this case, namely, the right to a trial by jury, being one to be determined solely by the pleadings, the petition and answer, and certain errors assigned, namely, that the court erred to the prejudice of the substantial rights of defendants in denying said defendants the right of trial by jury, and that the judgment and decree, orders, and rulings of the court are contrary to law, being such that it is unnecessary, in order to review them, to bring up the evidence introduced in the trial court, this court can review the same upon a transcript of the record.

The only evidence offered in the trial court was that introduced by the plaintiff, and it being unnecessary to examine any evidence or consider any part of the record in this case which is not properly a part of the judgment roll, in order to pass upon the one question involved herein, we see no reason for bringing up this case on appeal by case-made or requiring a bill of exceptions incorporated in said transcript.

The judgment of the trial court is reversed.

RILEY, BAYLESS, WELCH, and PHELPS, JJ., concur. OSBORN, V. C. J., and BUSBY, J., concur in the conclusion. McNEILL, C. J., and GIBSON, J., dissent.