**FUNK et al. v. PAYNE et al.**

No. 27454. Oct. 20, 1936.

A. C. Hough, for plaintiffs in error.

Tomerlin, Chandler & Shelton, for defendants in error.

PER CURIAM. Judgment was entered for the plaintiff by the trial court on the 3rd day of March, 1936. Thereafter a motion for new trial was filed, and the same was overruled on the 21st day of March, 1936. The petition in error and transcript was filed September 19, 1936.

The case must be dismissed under the rule announced many times by this court and exemplified by the syllabus in Brigham v. Davis, 126 Okla. 90, 258 P. 740, wherein the court said:

"Where the alleged error of the trial court is presented by the petition in error with transcript attached, and such appeal is not lodged in this court within six months from the date of the action of the trial court, this court does not acquire jurisdiction to review the same, and the appeal will be dismissed.

"A motion for new trial and the order of the court overruling the same are no part of the record of the trial court which can be brought to this court by transcript, and the filing of such motion and the making of an order overruling the same does not extend the time in which to file proceedings in this court for review where the appeal is by transcript."

The effect of the ho'ding of this court in that case and universally followed in the pronouncement in every case thereafter is that the motion for new trial and the orders and rulings made thereon are no part of the record. and that where the appeal is by tran-

script, this court cannot consider the error of the court in overruling the motion for new trial, and that the time for the appeal runs, not from the date of the order overruling the motion for new trial, but from the date of the judgment of the court.

Plaintiff in error cites the case of Sutton v. Beidleman, 175 Okla. 578, 54 P. (2d) 167. The question of the time to appeal was not involved in that case, and the holding was that the denial of a trial by jury was a matter that could be presented to this court by transcript. There is nothing in that case that indicates that where the court shows by its journal entry of judgment that it denied the defendant a jury trial the defendant may file a motion for new trial and have it passed on, and after leaving the motion and the order out of the case appeal by transcript within six months of the date of the order overruling the motion for new trial. As a matter of fact, the doctrine announced in that case is almost to the contrary, for it lays down the rule that no motion for new trial is necessary to present the error of the denial of a trial by jury.

The appeal is therefore dismissed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.