RIGHTER v. DEMING et al.

*96 P. 2d 32.*

No. 28469.   Nov. 14, 1939.

F. B. Righter, of Broken Arrow, and

E. B. Arnold, of Stilwell, for plaintiff in error.

Earl Bohannon, of Parsons, Kan., and W. A. Woodruff, of Stilwell, for defendants in error.

DAVISON, J. The defendants in error, as plaintiffs, commenced this action October 17, 1935, by filing a petition seeking judgment on a promissory note executed by Fred and Ethel Morris and the foreclosure of a real estate mortgage securing the same, covering land in which it was alleged that the plaintiff in error, among other named defendants, claimed some right, title, or interest.

On September 10, 1937, the plaintiff in error, as a defendant below, filed a pleading designated "Second Amended Answer" which, among other allegations unnecessary to mention, contained the following paragraph:

"2. That for a second and further defense, this answering defendant specifically denies that there is due to plaintiffs the sum of $5,300, upon the pretended note and mortgage sued upon, and further denies the correctness of the amount of principal, interest, $500 attorney fees and $9 abstracting expense claimed to be due upon the note and mortgage indebtedness set forth in plaintiff's petition."

On the same day that she filed the answer above referred to, the plaintiff in error filed a request for a jury trial, but the same was later overruled, and over her objection and after her refusal to participate in the trial, the case was tried to the court, resulting in a judgment only for the foreclosure of the mortgage.

The plaintiff in error maintains that "the sole question to be determined by this appeal" is whether she was entitled to "a trial by jury of the issue of the amount due upon the note and mortgage sued upon, as framed by the petition and second defense, set forth" in her "second amended answer" as above quoted. Her specification of error is based upon the composite proposition that where the pleadings in an action for the recovery of money on a promissory note and the

foreclosure of a mortgage securing the same effect a joinder of the issue as to the amount due, the defendant is entitled to a trial by jury as a matter of right. The proposition is correct, but inapplicable to the present case. Its applicability depends upon the condition therein named, i. e., joinder of the issue of the amount due on the indebtedness. No such issue was joined by the pleadings in the present case. Since no judgment for the amount due on the debt was sought by the plaintiffs against this appealing defendant, the denial relied upon in her pleading joined no issue as between herself and said plaintiffs. As between said parties, the action was merely for the foreclosure of a real estate mortgage, which, of course, is equitable in its nature. The question presented is obviously governed by decisions which hold that, in such cases, a jury trial is unnecessary as a matter of right. The rule is stated in the first paragraph of the syllabus of our opinion in Hooks v. Berry-Hart Co., 135 Okla. 161, 274 P. 657, as follows:

"A suit to foreclose a lien on real estate may be maintained without seeking a personal judgment for the lien indebtedness, *in which event the parties are not entitled to a trial by jury.*" (Italics ours.)

See, also, Vose v. U. S. Cities Corp., 152 Okla. 295, 7 P. 2d 132; Mackey v. Lefeber, 172 Okla. 99, 45 P. 2d 148. In Jackson v. Levy, 75 Okla. 256, 183 P. 505, it was said:

"The petition, as originally drawn, asked for a money judgment against the defendant on his assumption contract, but prior to the trial the court permitted the plaintiff to amend his petition by eliminating the demand for personal judgment, and to ask only for the foreclosure of the mortgage. Since Jackson's unverified answer to the petition admitted the execution of the note and mortgage, under the amended pleadings, the action was not one for the recovery of money, or of specific real or personal property, and the parties were not entitled to a jury trial, as a matter of right, under section 4993, Rev. Laws of 1910." (Citing authorities.)

The record in the present case shows

that the trial court allowed certain amendments to the case-made suggested by the plaintiffs, one of which was an order of the trial court alleged to have been entered on April 6, 1936, and to have read as follows:

"Plaintiffs waive personal judgment herein and said waiver is by this order hereby made to show of record."

Although such an order is immaterial to the question we have decided on this appeal, since from an examination of the record no personal judgment appears ever to have been sought by the plaintiffs against the appellant, yet said waiver seems to have led said appellant to believe that certain language used in the opinion rendered by this court in the case of Sutton v. Beidleman, 175 Okla. 578, 54 P. 2d 167, is applicable to the present case. A part of that language is quoted in the appellant's brief as follows:

"The plaintiff asserts that the defendants were not entitled to a trial by jury in this case for the reason that he had filed in said cause long prior to the date of trial a waiver of personal judgment and asked only for a foreclosure of his mortgage, and that this made the case an equitable action.

"We are unable to find any authority holding that the filing of a waiver of a personal judgment in an action for the recovery of money, where issues are joined on the amount due, makes the case an equitable action, and the plaintiff does not cite any case so holding. * * *

"The plaintiff cannot deprive the defendants of a trial by jury in this case by simply filing a waiver of personal judgment. The action still remains one for the recovery of money with issue joined on the amount due.

"The amount due on the note and mortgage sued on, notwithstanding the waiver referred to, is still in controversy, and the defendants are entitled to have that issue tried to a jury as a matter of right."

The statements quoted cannot be reconciled with the principle, no longer open to question, that the foreclosure of a mortgage lien on real estate is an equitable action, and the further principle that when no personal judgment is sought in such an action, neither party is entitled to a jury trial. Even though a plea for a personal judgment on a promissory note is included with a plea for the foreclosure of the mortgage securing the same in the plaintiff's original petition, as was done in Sutton v. Beidleman, supra, a waiver of that plea and a withdrawal of the cause of action for a money judgment leaves nothing to be decided but the plaintiff's right to a foreclosure of the mortgage. We see no reason why such a withdrawal should not place the case in the same category with reference to trial by jury that it would have occupied had no personal judgment ever been sought therein. There is then nothing to distinguish it from that class of actions commenced for the sole and only purpose of obtaining the foreclosure of a real estate mortgage, in which we have held that a jury trial is not essential. In view of this consideration, we expressly hold that neither party is entitled to a trial by jury in such a case, and we hereby expressly repudiate all statements to the contrary contained in Sutton v. Beidleman, supra.

Finding no error in the trial court's denial of the appellant's request for a jury trial in the present case, the judgment of that court is hereby affirmed.

BAYLESS, C. J., and RILEY, GIBSON, HURST, and DANNER, JJ., concur. CORN, J., dissents. WELCH, V. C. J., and OSBORN, J., absent.