### IRWIN v. SANDS.
### No. 35363.

Supreme Court of Oklahoma.
Dec. 22, 1953.

Jesse J. Worton, Jr., Pawhuska, Henry C. Rohr, Los Angeles, Cal., for plaintiffs in error.

Chas. R. Gray and W. N. Palmer, Pawhuska, for defendant in error.

## PER CURIAM.

The parties to this appeal will be referred to as they appeared in the trial court: A. S. Sands was the plaintiff, Sylvia Rogers Irwin and Raymond C. Irwin, her husband, were defendants. Since Raymond C. Irwin was only a nominal defendant and all the controversy really only affected Sylvia Rogers Irwin, she will be referred to as defendant in the singular.

Plaintiff instituted this action to recover a money judgment on a promissory note and to foreclose a mortgage on a portion of an Osage Indian headright, given by defendant to secure the indebtedness evidenced by the promissory note. Plaintiff alleged that the promissory note was for the amount of $6,112, and that simultaneous with the execution and delivery of the note by defendant, an agreement was entered into between her and the plaintiff creating the mortgage lien and reciting among other things as follows:

"The intention hereof being to settle all matters between the parties hereto, who have carefully accounted one to the other to this date."

Upon the filing of the petition for money judgment and foreclosure, defendants filed a verified answer denying execution of the note and the agreement, and denying the amount due on the note and alleged the note and mortgage were without consideration and had been paid in full, and further that they were procured by fraud.

A trial was had to a jury, which resulted in a verdict in favor of plaintiff, but for a lesser sum than the amount sued for. The trial court sustained plaintiff's motion for a new trial, and no appeal was taken from such action.

Thereafter, plaintiff filed in the case a pleading denominated waiver, in which plaintiff waived all claim for personal judgment against the defendants or either of them, and waived the prayer for personal judgment and prayed only for foreclosure of his lien.

Thereafter, the court entered an order setting the case for trial without a jury, and the defendants duly took exception thereto.

Thereafter, defendants filed an amendment to their answer alleging that the collection of the indebtedness was barred by discharge in bankruptcy of defendant and that there had been no legal renewal of the obligation. Defendants further alleged that defendants had borrowed small amounts of money from plaintiff, but no notes or agreements were given with reference thereto.

In due course, the case came on for trial a second time but without the intervention of a jury, defendants always insisting that they and each of them were entitled to a trial by jury on the issues or part of them. Defendants properly preserved the point for decision on appeal to this court. At the conclusion of the trial the court entered judgment in favor of plaintiff foreclosing plaintiff's mortgage and or-

dering the mortgage security to be sold to satisfy the amount found by the court to be secured by the mortgage. No personal money judgment was entered against defendants or either of them.

■ So that there is now presented for decision, when all collateral immaterial matters are left out, the simple question which may be tersely stated as follows:

Are the defendants entitled to a jury trial of the defenses tendered by their pleadings as a matter of right when the original action was for the recovery of a money judgment and foreclosure of a mortgage, after plaintiff has waived his claim for personal judgment against all defendants and merely seeks to foreclose a mortgage?

The answer to this question, which finds support in a long list of opinions by this court, should be and is in the negative.

Attorneys on both sides of this appeal have filed excellent briefs and squarely presented the point of seeming conflict in the opinions of this court relating to such type of actions. They both rely upon decisions of this court in cases involving foreclosure of real estate mortgages as being applicable and controlling, and in that respect both are correct. No case involving other types of foreclosure were cited, and none have been found.

This court, in the case of Righter v. Deming, 186 Okl. 57, 96 P.2d 32, 33, said:

"Since no judgment for the amount due on the debt was sought by the plaintiffs against this appealing defendant, the denial relied upon in her pleading joined no issue as between herself and said plaintiffs. As between said parties, the action was merely for the foreclosure of a real estate mortgage, which, of course, is equitable in its nature. The question presented is obviously governed by decisions which hold that in such cases a jury trial is unnecessary as a matter of right. The rule is stated in the first paragraph of the syllabus of our opinion in Hooks v. Berry-Hart Co., 135 Okl. 161, 274 P. 657, as follows: 'A suit to foreclose a lien on real es-

tate may be maintained without seeking a personal judgment for the lien indebtedness, in which event the parties are not entitled to a trial by jury.' See also Vose v. U. S. Cities Corp., 152 Okl. 295, 7 P.2d 132; Mackey v. Leber, 172 Okl. 99, 45 P.2d 148. In Jackson v. Levy, 75 Okl. 256, 183 P. 505, 506, it is said: 'The petition, as originally drawn, asked for a money judgment against the defendant on his assumption contract; but prior to the trial the court permitted the plaintiff to amend his petition by eliminating the demand for personal judgment, and to ask only for the foreclosure of the mortgage. Since Jackson's unversified answer to the petition admitted the execution of the note and mortgage, under the amended pleadings the action was not one for the recovery of money, or of specific real or personal property, and the parties were not entitled to a jury trial, as a matter of right, under section 4993, Rev.Laws of 1910, 12 Okl. St.Ann. § 556.' (Citing authorities.)"

In the case of Righter v. Deming, supra, defendant had by pleadings presented several defenses, the principal one of which was a denial that there was due the amount claimed by plaintiff. In the instant case the primary contention is that the determination of amount due and secured, if any, was what made the case one triable to a jury as a matter of right.

The only applicable statute is 12 O.S. 1951 § 556, which reads as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

The issues as finally framed by the pleadings in this case did not involve an action for the recovery of money or of specific real and personal property, and therefore we can find no statutory requirement that the action should have been tried to a jury.

■ This court has for a great number of years ruled and held that an action to foreclose a mortgage may be maintained without seeking a personal judgment for the mortgage indebtedness, and that such an action is of equitable cognizance and is triable to the court without a jury. First Nat. Bank v. Colonial Trust Co., 66 Okl. 106, 167 P. 985; Crawford v. Hemmingway, 116 Okl. 192, 244 P. 198; DeBrow v. Wolleson, 193 Okl. 691, 146 P.2d 124.

■ The court has further held that in such a case any number of defenses similar to those presented in the instant case against the note, mortgage or the foreclosure of the mortgage or the amount for which plaintiff claimed the mortgage could be foreclosed, did not change the action from an action in equity triable by the court to an action at law triable only by a jury, unless a jury be waived. Katter v. Rodgers, 107 Okl. 116, 230 P. 500; Echols v. Reeburgh, 62 Okl. 67, 161 P. 1065; Derry v. State, 109 Okl. 244, 235 P. 158; Hooks v. Berry-Hart Co., 135 Okl. 161, 274 P. 657; Vose v. U. S. Cities Corporation, 152 Okl. 295, 7 P.2d 132.

But defendants rely on the case of Jones v. Benson, 158 Okl. 25, 12 P.2d 202, 203, in which case this court said:

"Plaintiff seeks to escape the rule announced in these cases on the theory that, when the case was called for trial, by permission of the court, he amended his claim by eliminating that part of his prayer asking for a personal or deficiency judgment against defendants. In support of this contention, he relies on the cases of Hogan v. Leeper, 37 Okl. 655, 133 P. 190, 47 L.R.A.,N.S., 475; Crawford v. Hemmingway, 116 Okl. 192, 244 P. 198; Katter v. Rodgers, 107 Okl. 116, 230 P. 500. The first two of these cases were actions to cancel instruments on account of fraud, and were purely equitable actions, and no money judgments were sought against defendants. In the other case, no personal judgment was sought nor could have been rendered against the parties demanding the jury trial, and the court

held that, under such circumstance, the right did not exist. As we view it, these authorities are not applicable to the facts in the case at bar.

"In the instant case, no judgment could have been rendered foreclosing the mortgage without first rendering a judgment against defendants on the note. Not only was it possible, in the case at bar, for a money judgment to be rendered against defendants but such judgment was in fact rendered. In other words, the validity of the note was made an issue by the parties who had executed it; they denied liability under it. No foreclosure of the mortgage could be had until after the validity of the note had been determined. Whether the defendants owed anything on the note was a question for the determination of a jury. The defense was that defendants did not owe anything on the note sued upon. They had a right to have that issue determined by a jury, and the court erred in denying them that right."

And defendants also rely on the case of Sutton v. Beidleman, 175 Okl. 578, 54 P.2d 167, 169, in which case this court said:

"The plaintiff asserts that the defendants were not entitled to a trial by jury in this case for the reason that he had filed in said cause long prior to the day of trial a waiver of a personal judgment and asked only for foreclosure of his mortgage, and that this made the case an equitable action.

"We are unable to find any authority holding that the filing of a waiver of a personal judgment in an action for the recovery of money where issues are joined on the amount due makes the case an equitable action, and the plaintiff does not cite any case so holding.

*    *    *    *    *    *

"The plaintiff cannot deprive the defendants the right of a trial by jury in this case by simply filing a waiver of a personal judgment. The action still remains one for the recovery of money with issue joined on the amount due.

"The amount due on the note and mortgage sued on, notwithstanding the waiver referred to, is still in controversy, and the defendants are entitled to have that issue tried by a jury as a matter of right."

These statements, unless they have been repudiated or overruled, appear to be controlling on the issue in favor of defendants' contention. It is to be observed how similar the language used in the opinions of the court in the Jones v. Benson and Sutton v. Beidleman, supra, cases is; and there appears to be a conflict between the holdings of this court in those two cases and the holding of the court in the later case of Righter v. Deming, supra, as shown by the excerpt therefrom quoted above. This conflict was determined in 1939 by an express repudiation of the language quoted above from the case of Sutton v. Beidleman, supra, for this court, after quoting the exact language appearing above from the opinion in the case of Sutton v. Beidleman, supra, stated in the case of Righter v. Deming, supra, as follows:

"The statements quoted cannot be reconciled with the principle, no longer open to question, that the foreclosure of a mortgage lien on real estate is an equitable action, and the further principle that when no personal judgment is sought in such an action, neither party is entitled to a jury trial. Even though a plea for a personal judgment on a promissory note is included with a plea for the foreclosure of the mortgage securing the same in the plaintiff's original petition, as was done in Sutton v. Beidleman, supra, a waiver of that plea and a withdrawal of the cause of action for a money judgment leaves nothing to be decided but the plaintiff's right to a foreclosure of the mortgage. We see no reason why such a withdrawal should not place the case in the same category with reference to trial by jury, that it would have occupied had no personal judgment ever been sought therein. There is then nothing to distinguish it from that class of actions commenced for the sole and only purpose of obtaining the foreclosure of a real estate mortgage, in which we have held that a jury trial is not essential. In view of this consideration, we expressly hold that neither party is entitled to a trial by jury in such a case and we hereby expressly repudiate all statements to the contrary contained in Sutton v. Beidleman, supra."

Apparently the excerpt from the opinion in the earlier case of Jones v. Benson, supra, was not called to the court's attention in the Righter v. Deming case, supra, or else this court would have expressly repudiated the language in that excerpt and would have expressly overruled that case also.

Several other cases were cited by defendants in support of their contention that they were entitled to a jury trial, but the holdings in such cases are not as strongly in favor of the defendants as the decision of this court in the cases of Jones v. Benson, supra, and Sutton v. Beidleman, supra, and therefore there is no necessity of lengthening this opinion by the citations of or quotations from such cases.

The decision in Righter v. Deming, supra, has been the rule in this court and has been followed for more than fourteen years, and any different disposition of the instant case would require an overruling of Righter v. Deming, supra, and a repudiation of the statements therein contained.

Insofar as any prior decision or statement by this court in any prior case is in conflict with the holding herein, such are hereby expressly overruled.

The only question in this case is whether defendants were entitled to a jury trial instead of a trial to the court sitting without the intervention of a jury. That question has been decided adversely to the defendants. The judgment is therefore affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, and BLACKBIRD, JJ., concur.

WILLIAMS, J., concurs in result by reason of stare decisis.

1102

CORN and O'NEAL, JJ., dissent.

This court acknowledges the services of attorneys Wilbur J. Holleman, Bradford J. Williams, and Donald Campbell, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.