**BANK OF WILSON, Appellant,**

v.

**T.H. HARTMAN, Appellee.**

**No. 71347.**

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 26, 1989.

Thomas R. Carlock, Gregory L. Johnson, Ardmore, for appellant,

Charles E. Roberts, Marietta, for appellee.

## MEMORANDUM OPINION

PATRICIA DOUGHERTY MacGUIGAN, Judge:

Proceeding in the District Court of Carter County, Bank of Wilson (Bank) obtained a judgment on a note and foreclosure of the mortgage given by T.H. Hartman (Hartman) securing real property situated in Love County. On December 16, 1987, Bank filed another petition, this time in Love County, to foreclose the mortgage on the same realty and for money judgment on the same note. On February 1, 1988, the Bank made application to the Carter County District Court to vacate the prior judgment as to the mortgage foreclosure only. The Bank then filed an amended petition in Love County seeking only foreclosure of the real property.

Hartman moved to dismiss the action in Love County on the grounds of estoppel, res judicata and improper splitting of a cause of action. Bank filed a response and a hearing on the motion was held. After supplemental briefings by both parties, the trial court granted Hartman's motion to dismiss.

The Bank asserts on appeal that the trial court erred in dismissing its foreclosure action. The Bank asserts that since the real property was located in Love County,

the Carter County District Court was without venue to determine right, title and interest to the property. We agree. Tit. 12 O.S.1981 § 131 mandates an action foreclosing real property be brought in the county in which it is situated. The action was instead brought in neighboring Carter County. When an order was entered vacating the judgment in that action, the issue of right, title and interest in Love County real property was subject to determination by the trial court sitting in Love County, the county of situs of the mortgaged real property.

An action to obtain a judgment against an individual for money due and owing as evidenced by a note, is a transitory action. It is an action in personam and can be brought where proper service can be obtained. An action in foreclosure, is in rem. *Pettis v. Johnston*, 190 P. 681, 78 Okl. 277 (1920). It must be brought in the county the real property is located. Tit. 12 O.S.1981 § 131. A foreclosure action may be separated from an action on the underlying note, and if tried separately is one of equitable cognizance. *Irwin v. Sands*, 265 P.2d 1097 (Okl.1954).

As an action in foreclosure is one of equitable cognizance, we will not sustain on appeal an action that is contrary to established principles of equity. *Paris Bank of Texas v. Custer*, 681 P.2d 71 (Okl.1984). Bank may bring its separate action in foreclosure in the proper county, that in which the real property is located.

REVERSED.

GARRETT, P.J., and HUNTER, J., concur.