## THOMPSON v. TAYLOR et al.

No. 29128.    March 26, 1940.

*100 P. 2d 860.*

C. E. Castle, of Wagoner (Paul D. Busby, of Oklahoma City, of counsel), for plaintiff in error.

Watts & Watts, of Wagoner, for defendant in error.

DAVISON, J.   The plaintiff in error holds a money judgment against the defendants in error, who are husband and wife.

In this appeal, she presents certain alleged errors in proceedings wherein the trial court sustained a motion of the defendants in error to quash an execution on said judgment that had been levied against a tract of land belonging to said movants.

The defendants in error resisted the levy on the ground that said land was a portion of their homestead. It appears that they cultivate same together with the rest of their claimed homestead (an adjoining 80-acre tract and a 20-acre tract upon which their dwelling is located) as one farm.

The plaintiff in error's position is that the tract in question is a part of the town of Red Bird, Okla., and for this reason could not be a portion of any rural homestead.,, .

In sustaining the motion of the defendants in error, the trial court specifically found that the property was a part of their homestead and not within the "incorporate limits of the town of Red Bird, Oklahoma. * * *"

The first proposition formulated in plaintiff in error's brief purports to challenge the sufficiency of the evidence to sustain the judgment, generally, but the only argument or authorities submitted in support thereof concern the question of whether the land involved is a part of the town of Red Bird. It is asserted, in substance, that upon the basis of the evidence the correct answer to this question is affirmative, rather than negative as determined by the trial court. There is little, if any, conflict in the evidence on this issue. The only dispute concerns the sufficiency of the facts proved to sustain the trial court's finding thereon.

The land in question is described as lying in the N.W. ¼ of the N.E. ¼ of section 11, township 16 north, range 16 east, in Wagoner county, Okla., but the defendants in error admit that it has also been referred to as a portion of "McGee's Addition to Red Bird," and in their deed it is described as follows:

"The NW ¼ of the NE ¼ of Section Eleven (11) Township Sixteen North, Range Sixteen East, otherwise known as McGee's Addition to Red Bird, Okla., except" (certain numbered lots) "of said McGee's Addition to Red Bird, Okla. * * *"

It appears that a plat of "McGee's Addition" bearing the description: "NW ¼ of NE ¼ of Section 11, Township 16 North" was filed in the office of the register of deeds of Wagoner county in 1910, many years before the defendants in error acquired the tract in question, but on the last plat of the town site of Red Bird that appears to have been filed (though bearing a filing date that is nearly two years previous to that upon the plat of the addition just described) the entire town is represented as lying north and west of the N.W. ¼ of the N.E. ¼ of section 11, township 16 north, range 16 east.

There is no proof in the record that the so-called "addition" was ever annexed to the town of Red Bird. The testimony of both the town clerk and the county clerk was introduced to show that no such addition as the one in question had ever been made. The town clerk testified that he had held that position for 18 years and had known of Red Bird since the year 1907; that he had made an investigation of his records to determine if the board of trustees of said town had ever adopted a resolution or ordinance annexing McGee's addition to said town; that, although the town records had been burned in the year 1926, he had read them prior to the fire and they bore no evidence of any resolution or ordinance having been passed or adopted extending the town's boundaries to include McGee's addition.

The county clerk testified that he had "spent hours" searching his records and those of the county commissioners and had failed to find any record of any action taken by the "town authorities" with reference to the addition.

The record indicates that there are no urban improvements on the land involved. The defendant in error Washington Taylor testified that when he purchased it, it was farming land, was not divided into lots and blocks, and that there was no fence between it and the adjoining 80-acre tract which he already owned.

The foregoing description of portions of the evidence demonstrates that the trial court's finding that the property in question was not a part of the town of Red Bird is not without evidence to support it. Our attention has been directed to no particular standard by which the sufficiency of the evidence upon such a question is to be determined. It is often more difficult to positively negative the existence of a fact or circumstance than to prove its existence. While the evidence in the present case is not of such a character as to establish beyond a shadow of a doubt that the tract is a part of the town, yet it appears to be adequate to

refute any evidence in the record that might be asserted as a basis for a conclusion to the contrary. There is no question but that the land in question was not included within the boundaries of the original town site of Red Bird, nor any extension thereof as shown by the amended plats of said town. When the absence of such a plat is considered with the other evidence, including the testimony to the effect that no such extension was ever made, it cannot be said that the trial court's finding is erroneous because made without sufficient proof to support it. While the testimony upon this point is perhaps not the best or strongest evidence of the fact sought to be proved, yet, in view of the destruction of the town's records, there seems to have been little other proof available. We know of no authority for the proposition that under such circumstances such evidence is incompetent. Our attention is called to the fact that the taxes on the property have been assessed, and paid, both by the defendants in error and their predecessors in title, as if it were a portion of McGee's addition, but this fact is not determinative of the question. The manner in which it was taxed is insufficient proof of its municipal status. The annexation of an addition to a municipality can only be accomplished by action upon the part of the municipality's governing officials. It cannot be done or proved to have been done merely by showing that taxes have been assessed and paid upon said land as if it were a part of the municipality.

The plaintiff in error also argues that the evidence tending to show that the tract in question was never incorporated within the limits of the town of Red Bird must be disregarded, for it constitutes a collateral attack upon the annexation proceedings of a municipality, which can only be questioned by the state in a direct proceeding. It is obvious that such an argument cannot correctly be applied to this case for the reason that, as far as the record shows, no annexation proceedings have ever been had or undertaken with regard to the "addition" in which the land in question is said to be located. Here, there is no annexation to attack, collaterally or otherwise.

It is next argued that the plaintiff in error "is entitled to the presumption that the officers of the town of Red Bird duly and legally performed their duties and passed either a resolution or ordinance annexing McGee's addition or extending the city boundaries to include the addition, and this presumption prevails until overcome by direct and positive proof." This argument is also untenable. The defendants in error concede it to be the rule that public officials are presumed to do their duty, but they say that there is nothing in this record to show that it was ever the duty of the governing body of the town of Red Bird to pass an ordinance or resolution annexing to said town the land referred to as "McGee's addition." In our opinion this statement is correct. The fact that someone (whose identity was never established) caused a plat of McGee's addition to be filed in the office of the register of deeds created no such duty. In the absence of such a duty, it may readily be seen that none of the respects hereinbefore described, in which the land was treated or referred to as an addition to the town, furnish a sufficient basis for the operation of the rule which is said to authorize the presumption that it was "once upon a time" annexed to the town of Red Bird.

Another of the plaintiff in error's contentions is that the trial court should have ruled that the defendants in error were estopped to assert that "McGee's addition" had never been annexed to the town of Red Bird because of the filing of the plat of said addition, the way in which said land was taxed, the way in which it was described in the deed hereinbefore mentioned, the failure of the defendant in error Washington Taylor to designate the tract as a part of his homestead in his application for homestead tax exemption, the length of time in which the land has been treated, in the

respects mentioned, as a part of the town, and the acquiescence in this of the defendants in error. The only authority cited in support of this argument is the case of Peerless Realty & Operating Co. v. City of Tulsa, 184 Okla. 335, 87 P. 2d 118. In that case the plaintiff, who owned certain realty, challenged the validity of the city ordinances by which the same had been annexed to the city of Tulsa several years previously. In the opinion promulgated therein, this court used certain language to the effect that from a consideration of the owner's payment to the city of taxes upon the property without objection, together with the number of years since the ordinances had been enacted, it would appear that it had acquiesced in their enactment. The cited language has no application here. The position of the plaintiff in the Tulsa case and that of the defendants in error are not analogous, for here, as already pointed out, no ordinance or resolution annexing the land in question appears to have ever been enacted. As neither the facts pointed out nor the authority relied upon by the plaintiff in error demonstrate the existence in the record before us of the essential elements of an estoppel on the part of the defendants in error, we are unwilling to say that they were estopped from asserting the defense upon which they prevailed in the trial court.

The remaining contention of the plaintiff in error is that the trial court erred in allowing the defendants in error to introduce, along with other evidence in support of their motion, the petition and journal entry of judgment filed in cause No. 8410, styled "Washington Taylor v. Clay Flowers, Sheriff of Wagoner County et al.," previously tried in the same court. Said exhibits reveal that, in said cause, the defendants in error successfully resisted an earlier levy against the same tract that is involved in this appeal on the same ground that was asserted in this cause. Counsel argue that, since the former proceedings were to enjoin a levy rather than to quash an execution, and did not involve all of the same parties who are litigants herein, such evidence could only have been introduced for the purpose of prejudicing the court.

Assuming, without deciding, that the evidence challenged is incompetent, irrelevant, and immaterial upon the issues involved herein, the plaintiff in error has failed to demonstrate, and it does not affirmatively appear, that the judgment of the trial court was without sufficient support by other competent evidence in the record. In view of this and the absence of any evidence to support such a conclusion, it cannot be assumed that the trial court's decision was to any extent whatsoever based upon, or influenced by, the allegedly inadmissible evidence. On appeal, errors in the admission of such evidence are generally considered harmless unless they affirmatively appear to have prejudiced the rights of the complaining party. See In re Miller's Estate, 182 Okla. 534, 78 P. 2d 819; Woodruff v. Brady, 181 Okla. 195, 72 P. 2d 709, 113 A.L.R. 391; In re Graham's Estate, 169 Okla. 568, 37 P. 2d 964. We find no reason to depart from this rule in our review of this case.

As none of the errors herein assigned constitute, as we view them, cause for reversing the judgment of the trial court, the same is hereby affirmed.

BAYLESS, C. J., and RILEY, CORN, and HURST, JJ., concur.