DeBROW v. WOLLESON.

No. 30990. Dec. 7, 1943.

Rehearing Denied Feb. 21, 1944.

Application for Leave to File Second Petition for Rehearing Denied March 7, 1944.

*146 P. 2d 124.*

H. A. Johnson, of Perry, for plaintiff in error.

Cress & Rosser, of Perry, for defendant in error.

ARNOLD, J. T. C. Wolleson, plaintiff below, brought this action against Sam DeBrow, the heirs, executors, administrators, devisees, trustees, or assigns, immediate and remote, of Anna DeBrow, deceased, defendants, in the district court of Noble county to foreclose a real estate mortgage. We will refer to the parties by their trial court designation.

Anna DeBrow was the owner of the real estate involved in this action. On October 24, 1931, she, together with her husband, Sam DeBrow, executed and delivered to the plaintiff a negotiable promissory note in the amount of $280 payable 19 months after date (May 24, 1932). At the same time and as a part of the same transaction and for the purpose of securing the payment of the note, Anna DeBrow and Sam DeBrow, her husband, executed and delivered to the plaintiff a real estate mortgage covering the real estate involved. On the back of the said note the following payments were endorsed: One in 1931, four in 1932, two in 1933, two in 1934, in July and August, and one payment in January, 1935.

On January 30, 1938, Anna DeBrow died leaving as her only heir her husband, the defendant, Sam DeBrow.

Personal service was had upon Sam DeBrow. Service was had on the heirs, executors, etc., of Anna DeBrow, deceased, by publication.

Sam DeBrow answered by way of general denial and in addition denied specifically the alleged payments endorsed on the note sued on. He further specifically alleged that said cause of action was barred by the statute of limitations.

On May 20, 1941, the action came on for trial and the plaintiff and two other witnesses testified in support of his claim. After the demurrer of Sam De-Brown was sustained, he requested, and was granted, permission to amend his answer as heir and the case was continued for hearing. In his answer filed in accordance with the leave granted he alleged he was the sole heir of Anna DeBrow and then restated his allegations made in his original answer.

When the cause came on again for trial the defendant asked for a jury; the plaintiff then waived all claim for personal judgment against any of the defendants; the court denied the demand for a jury trial and defendant, DeBrow, saved exception to the court's ruling. By agreement the testimony on the former hearing was re-offered and received in evidence.

E. L. Osborne testified that he was in the garage of the plaintiff during the month of January, 1935; that Anna De-Brow came in and made a payment of some money to the plaintiff; that he did not know the amount of money paid nor on what account it was paid.

Preston Abbott testified that he was a mechanic and was employed by the plaintiff during the years 1934 and 1935; that he knew Anna DeBrow and that he saw her paying money on her bill during 1934 and 1935; that he did not know what bill she was paying nor how much was paid.

Plaintiff, T. C. Wolleson, testified concerning the sale of a car to Anna De-Brow. He then testified that as security for the purchase price of the car Anna DeBrow and Sam DeBrow signed the note and mortgage involved. He was then asked to examine the back of the note; the defendant objected as follows:

"Objected to as incompetent, irrelevant and immaterial, for the reason that the witness is incompetent to testify in regard to same." The court overruled the objection stating that: "He can testify to the endorsement so far as Sam De-Brow is concerned." He then testified that the endorsements on the back of the note showed the payments as they were made by Anna DeBrow; that the endorsements were made immediately upon payment. Defendant again objected to the evidence as incompetent, irrelevant, and immaterial; that the witness was incompetent to testify in regard to the endorsements. He then testified about each payment; he also testified that Dr. Osborne was there at the time the January, 1935, payment was made. He was asked the following question: "Referring to the payment of August 19, 1934, I believe you testified that that is your endorsement on that? A. Yes." The defendant interposed the following objection to this evidence: "Objected to as having been asked and answered and is repetition, and the witness is incompetent to testify." The court said: "Objection overruled. In order that the record may show, under the objection to incompetency, under the law it may be improper for you to testify with respect to any transactions had with the deceased person; therefore, these objections will be sustained insofar as attempts to cover any transactions between you and Anna DeBrow. Of course, I don't know from the form of the question and not having your answer, whether or not the question itself or the answer would relate to a transaction between you and Anna DeBrow. If any question is intended to elicit such a transaction, then you should not testify to it. I make this statement because I can't tell from the form of the questions, unless you answer them, whether or not they are competent."

The plaintiff offered in evidence the note together with the endorsements on the back of same; defendant objected to its introduction on the stated ground that it was incompetent, irrelevant, and immaterial; the objection was overruled.

The defendant, as sole and only heir of Anna DeBrow, demurred to the evidence on the ground and for the reason as stated by him that: "The same does not prove facts sufficient to relieve the cause of action from the statute of limitations, . . ." The court overruled the demurrer, allowing an exception to defendant, DeBrow.

After the defendant had put on his testimony the court found that Sam De-Brow was the sole and only heir of Anna DeBrow, deceased, and then rendered judgment for the plaintiff foreclosing said mortgage.

It is first contended that the trial court committed prejudicial error by admitting and considering the testimony of the plaintiff concerning the payments made by Anna DeBrow during her lifetime which were endorsed on the back of the note.

12 O. S. 1941 § 384 provides in part as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; . . ."

The defendant relies primarily on the case of Pancoast et al. v. Eldridge, 157 Okla. 195, 11 P. 2d 918, which holds:

"The true rule is stated in Northrip's Adm'r v. Williams (30 Ky. 1262) 100 S.W. 1192, 1193: 'No person will be permitted to give testimony in his behalf against the estate of a deceased person that will have a tendency to strengthen or make good his claim, or that will leave the impression upon the court or jury that his demand must be just and reasonable, because in substance and effect this would be testifying, although indirectly, to transactions with and acts done or omitted to be done by the deceased.' "

Section 384, supra, is identical with the Kansas statute. In the case of Walt-mire v. Badger, 156 Kan. 734, 137 P. 2d 198, the Kansas Supreme Court had before it a very similar situation to the one involved in this case. Therein the court held:

"6. In an action on a promissory note, where it appears from the face of the petition that the action is barred by the statute of limitations unless a payment alleged to have been made was actually made and the defendant files a general denial under oath, the fact that a notation of payment was written on the back of the note is not, standing alone, any evidence that the payment was actually made.

"7. In an action on a note by the executor of one's will against the executrix of another, it was error to permit the executor who brought the action to testify as to a transaction had with the testator of the will of which the defendant is executrix leading up to the notation of a payment on the note.

"8. In an action such as that described in the foregoing syllabus, certain facts testified to by the plaintiff executor are held to be transactions with a deceased person within the meaning of G. S. 1935, 60-2804."

The testimony of the plaintiff in regard to the payments endorsed on the back of the note falls within the above-stated rule. The petition discloses upon its face that the action is barred by the statute of limitations unless the payments alleged to have been made were actually made on the dates shown by the notation of payments written on the back of the note. Under section 384, supra, the plaintiff was incompetent to testify concerning these payments because payments made on a note are transactions, and evidence thereof cannot be given by an incompetent person under this section; the objection having been interposed by a party defendant, heir at law, and the plaintiff having acquired his cause of action immediately from a deceased person, the plaintiff was incompetent to testify concerning the endorsements or payments on the note by the deceased.

The case of Phinnie et al. v. Atkinson, 72 Okla. 1, 177 P. 111, is apparently

contra to the case of Pancoast et al. v. Eldridge, supra, and also to the Kansas case above referred to. Therein the plaintiff in a foreclosure action was permitted to testify as to payments made by the deceased and endorsed on the back of the note. We held:

"Rev. Laws 1910, § 5049, construed, and held, that the court did not err in permitting plaintiff to testify to transactions had with deceased with reference to the execution of the note and mortgage, for the reason that plaintiff was neither executor, administrator, heir at law, next of kin, surviving partner, or assignee of deceased."

And in the body of the opinion, we said:

"It is next contended that the court erred in permitting plaintiff, over objection, to testify with reference to the execution and acknowledgment of the note and mortgage and the credits thereon for the reason said transactions were made with Farmer who was deceased. This contention must likewise fall. . . .

"Plaintiff was neither executor, administrator, heir at law, next of kin, surviving partner, nor assignee of Farmer. Such persons are not permitted to testify with reference to transactions had with deceased, where they acquired title to the cause of action from the deceased. Neither was plaintiff incompetent to testify under any other of the provisions of said section of the statute."

In our opinion the purport and very purpose of section 384, supra, was overlooked and misconceived in that case. It is therefore overruled.

12 O. S. 1941 § 78 provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In the case of Citizens-First Nat. Bank of Independence, Kans., v. Whiting, 112 Okla. 221, 240 P. 641, we held:

"Where a cause has been tried to the court without a jury, and comes up for consideration on appeal, the Supreme Court will refuse to find reversible error because an incompetent witness was called and testified to material facts, or incompetent evidence was introduced to establish a material fact, where the testimony of the incompetent witness and the incompetent evidence may be excluded from consideration, and the material findings made by the trial court are still amply supported by the testimony of competent witnesses, and competent evidence appearing in the record after such exclusion, unless it is made to appear that the complaining party was substantially prejudiced by the infractions of the evidence rule."

To the same effect is the case of Metropolitan Casualty Ins. Co. v. Dolese Bros. Co., 163 Okla. 36, 20 P. 2d 569. Thompson v. Taylor et al., 187 Okla. 2, 100 P. 2d 860.

In the case at bar there was competent evidence, other than the evidence of the plaintiff about which he was incompetent to testify, tending to support the findings and judgment of the trial court. The case was tried to the court without the intervention of a jury, and the judgment will be deemed to be based upon the competent evidence. The record discloses that the trial court clearly had in mind the incompetency of the plaintiff to testify to transactions between himself and the deceased, and it is evident that the judgment was based on the competent evidence adduced. The objection leveled at the introduction of the note with endorsements was not on the ground that the witness was incompetent. The note with endorsements was competent but insufficient standing alone in view of the fact that the petition shows on its face that the statute of limitations had run unless tolled by payments made which were denied. In our opinion, the other evidence, in conjunction with the note, is ample to sustain the judgment rendered, and therefore the error in admitting the testimony of the plaintiff complained of is harmless.

The defendant also contends that the heirs at law were served by publication

only; that even though Sam DeBrow was served personally, he was not sued as an heir of Anna DeBrow; that, therefore, the suit was not commenced as to him until he entered his appearance in this action as such heir long after the statute of limitations had run, even considering the payments endorsed on the back of the note. We are of the opinion that when Sam DeBrow was served personally he was in the suit for all purposes, that is, individually and as heir of Anna DeBrow; that, therefore, the action was commenced within time, since there was sufficient testimony to prove the payments endorsed on the back of the note and relieve the claim of the bar of the statute.

Defendant's last contention is that the court committed error in refusing to grant a jury trial. The plaintiff waived any personal judgment and sought only foreclosure of the mortgage. The court was correct in refusing the defendant's demand for a jury trial. See Crawford v. Hemingway, 116 Okla. 192, 244 P. 198, and other cases to the same effect.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, WELCH, HURST, and DAVISON, JJ., concur. BAYLESS, J., absent.