**JANEWAY et al. v. ARTUSSE et al.**

No. 3381.

Circuit Court of Appeals, Tenth Circuit.

Jan. 7, 1947.

Rehearing Denied Feb. 10, 1947.

E. C. Hopper, of Eufaula, Okl., for appellants.

Alvin O. West, of Washington, D. C. (David L. Bazelon, Asst. Atty. Gen., Cleon A. Summers, U. S. Atty., of Muskogee, Okl., and Roger P. Marquis, of Washington, D. C., on the brief), for appellee United States of America.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Primarily, this was an action against the heirs of the deceased makers of a note and real estate mortgage given as security therefor, to foreclose the mortgage, to determine the heirs, and to quiet title to the real estate in question. The deceased makers of the note and mortgage and their defendant heirs were restricted Indians. That is material only to show why the action begun in the state court was removed to the federal court, and why the government became a party thereto. The only defense to the action was the statute of limitations.

Under 12 O.S.1941 § 95, an action on a note must be brought within five years after the cause of action accrued. 42 O.S.1941 §§ 21 and 23 provide that the lien of a mortgage is extinguished by the lapse of time which bars an action on the note. The last endorsement of payment on the back of the note was dated September 26, 1940. This action was instituted September 24, 1945, two days before the expiration of the five years permitted for the institution thereof. The government's answer denied that the payments endorsed on the back of the note were made within time to toll the running of the statute of limitations, and requested the court to require strict proof of payment.

The plaintiffs below offered D. C. Janeway, one of the payees of the note and party plaintiff in this action, as a witness to establish the payment of September 26, 1940. He testified that Ella Artusse, one of the makers of the note, made the payment on September 26, 1940. An objection to the competency of this testimony under 12 O.S.1941 § 384, was sustained.[1]

■ Without Janeway's testimony, there was no proof of payment. The incompetency of his testimony is clearly established by the decision of the Supreme Court of Oklahoma in De Brow v. Wolleson, 193 Okl. 691, 146 P.2d 124, 125. The two cases are indistinguishable upon the facts. There, as here, the payee of a note secured by real estate mortgage sought foreclosure of the mortgage only against the heirs of the deceased maker of the note. There, as here, the payee offered to testify that a payment evidenced by an endorsement on the back of the note had been made by the maker. The Oklahoma court specifically held that such testimony was incompetent and barred by 12 O.S.1941 § 384.

■ Phinnie v. Atkinson, 72 Okl. 1, 177 P. 111, upon which appellants endeavor to rely, was expressly overruled and repudiated by the Supreme Court in the De Brow case. Appellants realize this, but state that the Phinnie case states the better rule and is sound and equitable and should still be the law. Unfortunately for them in this case, that is an argument that must be addressed to the Oklahoma Supreme Court, and is one which we cannot entertain here, because we are bound by the latest decision of the Supreme Court of Oklahoma.

■ Appellants make the further point that in any event the endorsement on the back of the note is prima facie evidence of the payment, and that in the absence

---

[1] 12 O.S.1941 § 384, as far as pertinent, provides: "No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; * * *."

of any testimony by defendants, was sufficient to make a prima facie case entitling them to recover. This point also has been decided contrary to appellants' contention by the Supreme Court of Oklahoma in Texas Title Guaranty Co. **v.** Shepherd, 184 Okl. 599, 89 P.2d 337, 338.[2]

We find no reversible error, and the judgment is accordingly affirmed.

---

[2] In the Texas Title case, the Supreme Court of Oklahoma said: " * * * the mere indorsement produces no presumption that payment was actually made where such payment is relied upon to save the action from the bar of the statute. Though an indorsement of payment has been held to raise a presumption of payment in favor of the debtor claiming the credit (8 C.J. [Bills and Notes, § 1321, page 1015, 11 C.J.S., Bills and Notes, § 662, page 109]), the rule is otherwise where the indorsement is relied upon to toll the statute. The correct rule in such case as gathered from the decisions in the vast majority of jurisdictions is that where an indorsement on a promissory note, made before the bar of the statute of limitations attaches, is relied on to save the cause of action upon the note from the operation of such statute, the burden of proof is upon the plaintiff to show that the payment was actually made at the time alleged, or that it was made by or with the consent of the payor."