**MACKEY et al. v. LEFEBER.**

No. 22667.   April 30, 1935.

Harry G. Davis and Thomas J. Wiley, for plaintiffs in error.

Irwin Donovan, for defendant in error.

McNEILL, C. J. This is a suit to foreclose a real estate mortgage given to secure a note for $2,000. No personal judgment is sought against the makers of the note, but the action is limited strictly to the foreclosure of the land.

The plaintiff, Mrs. G. W. Lefeber, defendant in error herein, alleged that on November 17, 1920, Virgil Davis and Belle Davis, husband and wife, made and executed and delivered to J. C. Culbertson their promissory note in the sum of $2,000 and that the mortgage in question was executed to secure said indebtedness; that said Culbertson sold, transferred, and assigned said note and mortgage to plaintiff, and that thereafter Davis and wife conveyed said land to William Hixon; that Hixon and wife subsequently conveyed the same to R. M. Mackey, defendant below, and plaintiff in error herein, who was the owner of said land subject to said mortgage at the time of the instant action.

The defendant, Mackey, in his answer admitted the execution of the note and mortgage, and that he purchased the premises subject to said mortgage. However, said defendant pleaded payment in full of the note to J. C. Culbertson, who he alleges was acting as the agent of plaintiff, and said defendant prayed judgment for the cancellation of said note and mortgage.

Mrs. Lefeber filed a reply and specifically denied the agency. On December 4, 1930, the cause came on for trial. The jury was impaneled, and at the close of the trial the court discharged the jury and took the cause under advisement. On March 4, 1931, judgment was rendered in favor of Mrs. Lefeber and against the defendant Mackey, decreeing that the amount due under mortgage, to wit, $3,044.42, with interest thereon and attorney's fee, was a first lien on the land. The court ordered the foreclosure of the mortgage. An appeal has been regularly lodged in this court.

The facts necessary to an understanding of this case are as follows:

The firm of Culbertson & Tomm, a co-partnership composed of J. C. Culbertson and L. M. Tomm, for about 20 years, prior to 1926, had been engaged in the city of Muskogee in making real estate mortgage loans. In 1926, Mr. Tomm retired from the business, which was thereafter conducted by Mr. Culbertson under said firm name until April, 1926, when the firm became insolvent.

Mr. G. W. Lefeber, and his wife, who was the plaintiff below and the defendant in error herein, were large investors in real estate securities. They secured from 20 to 30 loans per annum. The largest investment at any time amounted to approximately $150,000. Many of these loans were handled through the firm of Culbertson & Tomm, and all notes and mortgages were made payable through that office. The firm collected the principal and interest on the Lefeber loans up to and after March 24, 1926. The principal note and coupons executed by Davis and his wife were introduced in evidence and the same show that they were made payable to the order of J. C. Culbertson at the office of Culbertson & Tomm at Muskogee, and the mortgage specifically recited that said mortgage was executed upon the condition that Davis and his wife were indebted to said Culbertson in the principal sum of $2,000, evidenced by a note payable to J. C. Culbertson at the office of Culbertson & Tomm at Muskogee.

The interest on the loans made to the Lefebers was collected at the office of Culbertson & Tomm, and when the loans matured they were paid at that office. Culbertson & Tomm would then pay the money to the Lefebers, or would reinvest it in other mortgages for them. In handling the business for the Lefebers, Culbertson & Tomm kept the money of the Lefebers reinvested and exchanged for new mortgages. In some of these dealings the mortgages were not assigned or the assignments did not appear of record, and in such cases, upon payment thereof, a release was given by Culbertson & Tomm. When the assignments had been put on record and the debt had been paid, Culbertson & Tomm would notify Mr. Lefeber, who was acting as the agent of his wife, and secure from him a release of the mortgage.

The defendant, Mackey, after he purchased the land in question from Hixon, decided to pay off the mortgage and made inquiry through the vice president of the First National Bank at Braggs, Okla., Homer Anderson, who acted as the local agent for Culbertson & Tomm in procuring the loan. Mr. Mackey desired to know to whom payment should be made and was advised that Culbertson & Tomm had the note and mortgage. On March 24, 1926, Mr. Mackey paid Culbertson & Tomm, through his banker at Braggs, the full amount of the loan, with interest thereon, and received a receipt therefor. About the middle of April a report of th s collection was made to the Lefebers, but none of the money which had been paid to the firm on this loan was turned over to Mrs. Lefeber. The note was not canceled and the mortgage was not released. On April 23, 1926, the company became insolvent and at that time it owed the Lefebers about $7,900, including the amount due on the Davis loan.

The evidence showed that the interest payments on the loan had been made to Culbertson & Tomm; that Culbertson & Tomm sent a statement each month to Mrs. Lefeber showing the conditions of the loans which she had purchased from Culbertson & Tomm and made payments about the first of the month to Mr. Lefeber for the monies which Culbertson & Tomm had collected on the loans that had been sold to Mrs. Lefeber. There was other testimony introduced which tended to show a course of conduct on the part of Culbertson & Tomm in the making of collections of interest due on other loans held by Mrs. Lefeber and that this course was conducted until about 60 days before the failure of Culbertson & Tomm. Mrs. Lefeber at no time notified Mackey to cease making the payments upon the loan to Culbertson & Tomm. It was the custom and practice of Mr. Lefeber, on the first day of each month, to bring or send to the office of Culbertson & Tomm all interest and principal notes which matured on that day and to receive a check for the amount of those items except where arrangements were made to purchase new loans. Mr. Lefeber testified that he relied upon the written guarantee of Culbertson & Tomm to pay him the collections which the firm made, and that he expected the loans to be collected.

This is an action of equitable cognizance. It is so admitted in the briefs. Suits to foreclose a real estate mortgage lien may be maintained without seeking a personal judgment for the mortgage indebtedness, and it is not error in such a case to deny

a trial by jury. Hooks et al. v. Berry-Hart Co., 135 Okla. 161, 274 P. 657, and cases cited therein.

In such an action the burden is upon the plaintiff in error to show that the judgment of the court is clearly against the weight of the evidence. Mid-Continent Life Ins. Co. v. Sharrock, 162 Okla. 127, 20 P. (2d) 154; McKay v. Kelly, 130 Okla. 62, 264 P. 814; Crump v. Lanham, 67 Okla. 33, 168 P. 43; Gull v. Cavanaugh, 95 Okla. 157, 218 P. 299; Thomas v. Halsell, 63 Okla. 203, 164 P. 458.

We believe that the rule applicable to the issue here presented is well stated in Sherrill v. Cole et al., 144 Okla. 301, 291 P. 54, as follows:

"It is the universal rule that one who is bound to pay a negotiable promissory note is not protected if he pay it to the payee thereof, and at the place of payment named in the note, without the production of the paper by the person receiving the money, unless (1) the payee or the person receiving the payment is the authorized agent, express or implied, of the rightful holder; (2) or unless the conduct and course of dealings of the holder are such as to engender in the mind of the payor a justifiable belief that the payee or the party receiving the money is the agent of the holder for that purpose."

Where the question of agency is made an issue in a case of equitable cognizance, it becomes a question of fact to be determined by the court; and where a note is payable at payee's office, it is a circumstance tending to show that the payee was the holder's agent to collect.

From a consideration of all the facts and circumstances, we are of the opinion that Culbertson & Tomm acted as the agents of Mrs. Lefeber in making collection upon the note in question, and that the judgment of the trial court was against the clear weight of the evidence.

The judgment is reversed and the trial court directed to enter judgment for the defendant.

OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, and CORN, JJ., concur. PHELPS, J., absent. GIBSON, J., not participating.