DUNLAP v. SHULER.

No. 31141.   Sept. 28, 1943.

*141 P. 2d 585.*

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

Tom S. Williams, of Oklahoma City, for defendant in error.

PER CURIAM. This action was commenced by O. M. Shuler, hereinafter referred to as plaintiff, to recover on a contract for the purchase of two water pumps. The action was maintained against Homer Dunlap, doing business under the firm name and style of the Dunlap Company. Homer Dunlap personally filed the petition in error as plaintiff in error, and the testimony in the record is that he is the trustee of a common-law trust. Reference to him as defendant will be in his individual ca-

pacity. Judgment was rendered for the plaintiff for the sum of $525. The defendant appeals and presents two allegations of error.

It is first argued that there is no competent evidence to sustain the verdict of the jury and the judgment of the trial court entered thereon. The second allegation of error is that the trial court erred in denying the motion for new trial. These two allegations of error are covered in four general specifications presented by the defendant. In these two specifications of error the entire argument is based upon the alleged error of the trial court in admitting certain evidence of conversations had between the plaintiff and R. L. Knight, an uncle of the defendant.

The facts established are, substantially, that Homer Dunlap contacted the plaintiff and sought to purchase two water pumps. The plaintiff and Homer Dunlap never agreed upon the price of these water pumps. Subsequent to the dealing between Homer Dunlap and the plaintiff, R. L. Knight entered into a contract for the purchase of the two pumps in question for the sum of $525.

In our opinion the testimony of Homer Dunlap is sufficient to establish that R. L. Knight was acting for him as agent. The defendant testified that subsequent to his contacting the plaintiff, Knight had a conversation with the plaintiff and agreed to purchase the pumps for $525; that plaintiff accepted Knight's proposition. According to the record this was the only proposition upon which the pumps were delivered to the defendant. Questions of agency and the scope of agent's authority may be proved by circumstantial evidence and are questions of fact for the jury. Phillips Pet. Co. v. Ward, 181 Okla. 462, 74 P. 2d 614; Beasley v. Parks, 163 Okla. 15, 20 P. 2d 584; Loveland v. Loafman, 92 Okla. 133, 218 P. 851; Champlin Refining Co. v. Crisp, 184 Okla. 248, 86 P. 2d 784.

The judgment of the trial court is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., absent.