CAMPBELL et al. v. JOHN DEERE PLOW CO.

No. 31934. June 18, 1946.

Rehearing Denied Sept. 10, 1946.

*172 P. 2d 319.*

E. G. Avery, of Wagoner, and Hall & Cotten, of Oklahoma City, for plaintiffs in error.

Keaton, Wells & Johnston, of Oklahoma City, for defendant in error.

OSBORN, J. This is an action in replevin brought by John Deere Plow Company, plaintiff, against the defendants, John Campbell and N. B. Campbell, to recover possession of a tractor and tractor plow sold to J. L. Rogers by a conditional sales contract and thereafter sold by Rogers to defendants. Defendants admit the execution of the sales contract and a note to plaintiff by Rogers, and the sale from Rogers to them, and plead payment of the note in full. The court empaneled a jury; defendants assumed the burden of proof and produced their evidence, and the trial court sustained a demurrer to their evidence and rendered judgment for plaintiff. Defendants appeal.

The sole question for determination is whether or not Martin J. Mueller, d/b/a Mueller Farm Supply Company, was impliedly or ostensibly authorized to receive for plaintiff the last payment upon the note evidencing the balance due upon the purchase price of the articles sought to be replevined, which payment was made by Rogers to Mueller at the time the property was sold by Rogers to defendants. From the evidence it appears without substantial controversy that Mueller was a dealer selling the machinery manufactured by plaintiff and advertised himself as a "John Deere Dealer"; that Rogers went to the store of Mueller in Broken Arrow, Okla., and purchased the property, making the initial payment thereon to Mueller and at that time executing the conditional sales contract and note. The note was made to plaintiff and provided that title to the property should be vested and remain in the payee, owner, or holder of the note until the two remaining installments of the note had been paid in full. The note was payable at the office of plaintiff in Kansas City, Mo. The conditional sales contract executed by Mueller as the seller contained a similar provision as to retention of title and also provided that the note should be paid at the office of the John Deere Company in Kansas City, Mo. Thereafter Rogers made the first of the two payments specified in the note by delivering a check therefor to Mueller, the check being made payable to Mueller. Plaintiff admits the receipt of this payment. It appears that receipts for these payments were given by Mueller and that in the printed matter at the top they contained the recital "John Deere Sales & Service (John Deere Company, Moline, Illinois)." It further appears that the name John Deere was

prominently displayed in a sign on Mueller's place of business.

We think that the evidence establishing the above facts, in the absence of any evidence to the contrary except the statement contained in the note and conditional sales contract that payments were to be made to plaintiff at its Kansas City office, was sufficient to require the trial court to submit to the jury under proper instructions the question of whether or not Mueller was the ostensible or implied agent of plaintiff.

Creation of the relation of principal and agent may be express, as where the agent is specifically appointed by the principal and accepts such appointment, or it may, without any express appointment, be implied from the words and conduct of the parties and the circumstances of the particular case. 2 C.J. p. 435; 2 C.J.S., p. 1049; 2 Am. Jur., p. 25. In 2 C.J.S., p. 1049, it is said:

"An agency to do a particular act may be implied from the recognition or acquiescence of the alleged principal as to the act done in his behalf by the alleged agent, especially if the agent has previously been permitted to perform acts like the one in question, or from the fact that the alleged principal has acquiesced in, recognized, or adopted similar acts done on other occasions by the assumed agent."

In the instant case the agency of Mueller and his authority to act for the plaintiff, if any such agency or authority in fact existed, was an implied agency and an implied authority.

In Mounts v. Boardman Co., 79 Okla. 90, 191 P. 362, we said:

"Agency may be established by showing either an express appointment with authority to act, or by implication from conduct for which the principal is responsible. The plaintiff does not contend, nor does the evidence show, an express appointment by Kate L. Mounts of John H. Mounts as her agent to purchase the silos in question. An implied agency may be established from words or conduct of the parties and the

circumstances of the particular case, and, while it is more readily inferable from a series of transactions, it may be inferred from a single transaction. 2 C.J., 435, 436. And in law actions in this jurisdiction the question of agency, when resting in parol is a question of fact to be determined by the jury. Leasure v. Hughes, 72 Okla. 75, 178 P. 696; Mass. Bonding & Insurance Co. v. Vance, 74 Okla. 261, 180 P. 693; Emerson-Brantingham Imp. Co. v. Ritter, 69 Okla. 95, 170 P. 482."

We have repeatedly held that where the question of agency is in issue, the apparent authority of an agent, and the scope of such authority, may be proved by circumstantial evidence. Reed v. Anderson, 127 Okla. 64, 259 P. 855; Dunlap v. Shuler, 193 Okla. 125, 141 P. 2d 585; Tulsa Co. Truck & Fruit G. Ass'n v. McMurphey, 185 Okla. 132, 90 P. 2d 927.

In Ginner & Miller Pub. Co. v. N. S. Sherman Machine & Iron Works, 93 Okla. 221, 220 P. 650, we said:

"On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury."

In that case the evidence was, if anything, less persuasive of agency than that in the instant case, and we held that a demurrer to the evidence was improperly sustained by the trial court.

Plaintiff contends that agency may not be established by one isolated transaction, such as the receipt by Mueller of the first payment on Rogers' note and the transmittal thereof by Mueller to plaintiff, but in Mounts v. Boardman Co., supra, we held otherwise.

In Restatement of the Law of Agency, vol. 1, sec. 49, it is said:

". . . Likewise, if the principal manifests to the third person that the agent is authorized to conduct a transaction, there is apparent authority in the agent to conduct it in accordance with the

ordinary usages of business and to do the incidental things which ordinarily accompany the performance of such transaction, unless the third person has notice that the agent's authority is limited."

It will be noted that the facts stated in the illustration following the above statement show only one transaction.

In the instant case the undisputed evidence showed that Mueller used printed forms of plaintiff for the transaction of the business of plaintiff; that he had authority to make such deals for them in connection with the sale of their machinery, and that he did receive both the first and second payments on the purchase price thereof, the first payment being the delivery to him by Rogers of certain horses and mules, and the second payment being made by check payable to him. So far as the record shows, Rogers was never notified by plaintiff that these payments so made to Mueller were not properly made, or that Mueller had no authority to receive them.

Plaintiff relies upon International Harvester Co. of America v. Snider, 184 Okla. 537, 88 P. 2d 606. In that case the plaintiffs bought a tractor from a hardware company, which owned the tractor. They sued the hardware company and the Harvester Company for damages for breach of a warranty of fitness made by the hardware company. The only connection shown between the hardware company and the Harvester Company was that the Harvester Company, after investigating the credit of plaintiffs, bought from the hardware company the notes made by plaintiffs, and later, when plaintiffs complained of the failure of the tractor to function, sent some of its employees to repair and readjust the tractor in an endeavor to make it function. The court properly held that agency of the hardware company for the Harvester Company was not established. We think the factual differences between that case and the case at bar are clearly apparent.

Plaintiff also contends that Mueller not having the note in his possession at the time the final payment was made, defendant made such payment to him at their peril. But in Mackey v. Lefeber, 172 Okla. 99, 45 P. 2d 148, we held that such rule did not obtain where the conduct of the holder was such as to justify the payor in believing that the party to whom he paid the money was the agent of the holder for that purpose.

The trial court erred in not submitting the issue to a jury for determination.

Reversed.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.